**ZIMMER ST. LOUIS, INC.,**
Appellee/Cross–
Appellant,

v.

**ZIMMER COMPANY, Appellant/Cross–
Appellee,**

v.

**Donald BEATY, Appellee/Cross–
Appellant.**

Nos. 93–3796, 93–3951.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1994.

Decided Aug. 11, 1994.

Jim J. Shoemake, St. Louis, MO, argued (Jim J. Shoemake and Michael E. Whittle, on the brief), for appellant/cross-appellee.

Mark G. Arnold, St. Louis, MO, argued (Mark G. Arnold and Joseph P. Conran, on the brief), for appellees/cross-appellants.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MELLOY,* District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

For about seven and a half years, Zimmer St. Louis, Inc. (ZSL), was a distributor for orthopedic implants and associated surgical instruments that were manufactured by the Zimmer Company (Zimmer). In early 1990, Zimmer terminated that relationship. In late 1990, ZSL sued Zimmer in a diversity action in federal court, *see* 28 U.S.C. § 1332(a)(1), alleging state law claims of failure to provide notice of cancellation of a distributorship, tortious interference with a business expectancy, and *quantum meruit* for various expenses incurred in establishing and maintaining the distributorship.

After a nine-day trial in late 1992, a jury found for ZSL on all three claims and awarded compensatory damages of $269,000 and punitive damages of $500,000 to ZSL. In early 1993, the trial court denied post-trial motions by Zimmer. In late 1993, on motion by Zimmer asserting that Zimmer had just learned of the earlier denial of its post-trial motions, the trial court vacated the original order of denial and then entered a new order of denial with respect to Zimmer's post-trial motions.

Zimmer appeals the judgment against it, contending that the evidence was insufficient on all three claims and on the question of punitive damages, that the trial court improperly admitted certain evidence, that the

---

* The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the North-
ern District of Iowa, sitting by designation.

trial court improperly instructed the jury, and that the trial court improperly failed to reduce the compensatory damages award. ZSL cross-appeals the trial court's order vacating the original denial of Zimmer's post-trial motions. We vacate the trial court's order vacating the earlier order of denial, and we dismiss the appeal for lack of jurisdiction. Because of this resolution, we need not address the issues raised in Zimmer's appeal.

I.

The essence of ZSL's cross-appeal is a challenge to this court's jurisdiction. ZSL argues that Zimmer's appeal is untimely, having been filed more than 30 days after the trial court's original denial of Zimmer's post-trial motions on February 1, 1993, *see* Fed. R.App.P. 4(a)(1), 4(a)(4), *see also* 28 U.S.C. § 2107(a), which the parties agree was a final judgment for the purpose of initiating the period for appeal, *see* Fed.R.App. 4(a)(4), 4(a)(7), and Fed.R.Civ.P. 58, 79(a). Central to that argument is ZSL's contention that Zimmer's motion to vacate the original denial of its post-trial motions was filed more than 30 days after the time to appeal had run, *see* Fed.R.App.P. 4(a)(5), *see also* 28 U.S.C. § 2107(c), and more than 180 days after the original denial of those motions, *see* Fed. R.App.P. 4(a)(6), *see also* 28 U.S.C. § 2107(c)(1), § 2107(c)(2), and therefore that the trial court had no power to grant the motion to vacate.

According to Zimmer's motion to vacate the original denial of its post-trial motions, Zimmer did not learn of the February 1, 1993, order until August 19, 1993, when one of Zimmer's lawyers talked with "the judge's clerk" and was told about the order. Zimmer submitted an affidavit with its motion, attesting that one of its lawyers had "checked the file" at the clerk's office "on several occasions before and after February 1, 1993," but that "no such order" had been "entered into the records" until August 20, 1993. A second affidavit stated that the lawyer who had been asking about the order did so "by checking the file" at the clerk's office, calling that office "by telephone," and "checking the docket computer" in the clerk's office.

As it turns out, the order had been recorded on the official "civil docket," *see* Fed. R.Civ.P. 79(a), but had not been placed in the individual case file in the clerk's office. A docket sheet that was in the individual case file apparently reflected entries only through sometime in the fall of 1992 (and, according to an affidavit by one of ZSL's lawyers, did not reflect "most of the post trial motions and related documents that were filed last year [1992]").

When the trial court's order was filed on February 1, 1993, Zimmer had 30 days to file a notice of appeal. *See* Fed.R.App.P. 4(a)(1), 4(a)(4). It is not disputed that Zimmer failed to file a notice of appeal within that time. The rules of appellate procedure provide that the appeal period may be extended if the appellant moves for an extension within 30 days of the original appeal deadline. *See* Fed.R.App.P. 4(a)(5). It is not disputed that Zimmer failed to file such a motion within that time. The rules of appellate procedure also provide that once the appeal period has expired, it may be reopened upon motion by the appellant if the trial court finds that the appellant had no notice of the final judgment within three weeks of when it was filed and that no party would be prejudiced; the appellant's motion must be made, however, within 180 days of the judgment or within seven days of actual notice of the judgment, whichever is earlier (in this case, the 180–day deadline applies, since Zimmer did not receive actual notice until after 180 days). *See* Fed.R.App.P. 4(a)(6). It is not disputed that Zimmer had no notice of the judgment within three weeks of when it was filed or that Zimmer failed to file the appropriate motion within 180 days of the judgment.

II.

Both Zimmer's motion to vacate and the trial court's order granting that motion were based on Fed.R.Civ.P. 60(b)(6), which allows a trial court to "relieve a party ... from a final judgment," upon motion, for "any reason [other than those specified in another section of the rule] justifying relief from the operation of the judgment." The Supreme Court has described the provisions of Fed.R.Civ.P. 60(b)(6) as vesting power in

the courts " 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' " *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988), quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949) (opinion of Black, J.). ZSL, on the other hand, opposed the motion on the basis of Fed.R.Civ.P. 77(d), which directs the clerk of court to give notice to the parties in a case whenever "an order or judgment" is filed but also states that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted" by Fed.R.App.P. 4(a).

Both Zimmer and the trial court cite cases that, in spite of the language of Fed.R.Civ.P. 77(d), have relied on Fed.R.Civ.P. 60(b)(6) as a basis for retrieving a right to appeal that has been lost because of failure to move, within the period allowed by Fed.R.App.P. 4(a)(5), for an extension of time to appeal. *See, e.g., Lewis v. Alexander*, 987 F.2d 392, 396–97 (6th Cir.1993); *Harnish v. Manatee County, Florida*, 783 F.2d 1535, 1538 (11th Cir.1986); *Rodgers v. Watt*, 722 F.2d 456, 461 (9th Cir.1983) (*en banc*); *Buckeye Cellulose Corp. v. Braggs Electric Construction Co.*, 569 F.2d 1036, 1038, 1038 n. 2 (8th Cir.1978) (*per curiam*); *Fidelity and Deposit Co. v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 751 (5th Cir.1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 500 F.2d 808, 810 (D.C.Cir.1974) (*per curiam*); and *Smith v. Jackson Tool and Die, Inc.*, 426 F.2d 5, 8 (5th Cir.1970) (*per curiam*); *see also* 15B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* 2d § 3916 at 372 (1992). All of those cases premised relief under Fed.R.Civ.P. 60(b)(6) on the fact that the appellant had had no notice of the final judgment in spite of various efforts to determine whether such a judgment had been entered. All but one of those cases, however, were decided at a time when the only provision for an extension of time to appeal was in Fed.R.App.P. 4(a)(5) (allowing a 30–day period beyond the original appeal deadline and requiring "excusable neglect or good cause" as the basis for failure to move earlier for the extension of time to appeal).

In 1991, Fed.R.App.P. 4(a) was amended to add a provision allowing the trial court to reopen the period for appeal upon a finding that the appellant had no notice of the final judgment within three weeks of when it was filed and that no party would be prejudiced. *See* Fed.R.App.P. 4(a)(6). The rule, however, specifies that a motion to reopen under that provision must be made "within 180 days of the entry of the judgment or order or within [seven] days of receipt of such notice, whichever is earlier." *See* Fed.R.App.P. 4(a)(6)(b). According to the Notes of the Advisory Committee on Appellate Rules, the purpose of the 1991 amendment was to provide "a *limited* opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk pursuant to [Fed.R.Civ.P. 77(d)], is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal" (emphasis supplied). The Notes of the Advisory Committee on Appellate Rules further remark that the 180–day deadline "establishes an *outer* time limit ... for a party who fails to receive timely notice of a judgment" (emphasis supplied).

It is our view that the 1991 amendment was designed to respond to the circumstances that had prompted courts to use Fed.R.Civ.P. 60(b)(6) to circumvent the deadlines specified by Fed.R.App.P. 4(a)(5). Other courts and commentators have so concluded as well. *See, e.g., Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1205 n. 9 (5th Cir.1993) (*per curiam*); *In the Matter of Jones*, 970 F.2d 36, 38–39 (5th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 391, 126 L.Ed.2d 339 (1993); Notes of Advisory Committee on Rules, 1991 Amendment, Fed.R.Civ.P. 77; and D. Siegel, *The Recent (Dec. 1, 1991) Changes in the Federal Rules of Civil Procedure*, 142 F.R.D. 359, 378 (1992); *see also Avolio v. County of Suffolk*, 29 F.3d 50, 52–53 (2d Cir.1994), and *Faysound Limited v. Falcon Jet Corp.*, 940 F.2d 339, 344–45 (8th Cir.1991) (*per curiam*), *cert. denied*, ——

U.S. ——, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992).

 It therefore appears that the plain language of both Fed.R.App.P. 4(a)(6) and Fed.R.Civ.P. 77(d) addresses specifically the problem of lack of notice of a final judgment. That specificity, in our view, precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice. Since that language also delineates a specific period during which the period for appeal may be reopened, moreover, we conclude that the district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired. Professor Siegel, commenting on the 1991 amendment to Fed.R.App.P. 4(a), agrees. *See* D. Siegel, *The Recent Changes,* 142 F.R.D. at 378.

The one case cited by Zimmer and the trial court that was decided after the 1991 amendment to Fed.R.App.P. 4(a) deals only with Fed.R.App.P. 4(a)(5). *See Lewis,* 987 F.2d at 394, 396. We do not know why the court in that case did not mention Fed.R.App.P. 4(a)(6), but, given the absence of any discussion of that section, we decline to follow the holding of that case.

Our decision in this case subjects Zimmer to the considerable hardship of having no opportunity to appeal in spite of the fact that neither Zimmer nor ZSL knew, until seven months afterward, of the trial court's original order denying Zimmer's post-trial motions. We note, however, that it is apparently undisputed that the February 1, 1993, order was correctly entered on the official "civil docket," *see* Fed.R.Civ.P. 79(a). That fact leads us to conclude that if Zimmer's lawyers had asked to see that official civil docket, instead of relying on the case file, they would have learned of the order. Indeed, we believe that one of the purposes of Fed.R.Civ.P. 79(a) is to establish an "official" record that may be relied on by lawyers, litigants, and others interested in the proceedings of the courts. We also note that neither of the affidavits submitted by Zimmer relates an inquiry about the official civil docket, nor do the affidavits specify any declaration by a clerk that the official civil docket failed to show the order in question.

## III.

When we determine that we have no jurisdiction, that ends the appeal, and we should not go further. We remark, however, that we consider the appellant's arguments to be utterly lacking in merit and that an affirmance could be the only result if we were to reach the merits.

## IV.

For the reasons stated, we vacate the trial court's order vacating the February 1, 1993, order of denial with respect to Zimmer's post-trial motions, and we dismiss this appeal for lack of jurisdiction.