72 F.3d 121
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Randolph L. WHITE, II and Randolph Development Group, Inc.,
Plaintiffs, Appellants,
v.
NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidation
Agent of Blue Hill Federal Credit Union, and Paul
A. Sodano, Defendants, Appellees.
 No. 95-1214.
 United States Court of Appeals, First Circuit.
 Dec. 11, 1995.
 
 Frank R. Caruso and John R. Sherman on brief for appellants.
 Harvey Weiner, R. Alan Fryer, John J. O'Connor and Peabody & Arnold on brief for appellees.
 Before TORRUELLA, Chief Judge, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 On March 17, 1994, two days after denying plaintiffs' motion for a preliminary injunction, the district court issued a sua sponte margin order dismissing this breach of contract action on the ground of mootness. Plaintiffs insist they never received notice of such dismissal from the clerk's office, averring that they first learned of it from opposing counsel on August 3, 1994. Nearly three months later, on October 27, plaintiffs filed a motion under Fed.R.Civ.P. 60(b) to vacate the order of dismissal; they there argued that the mootness determination had overlooked a damages claim in their complaint. This motion was summarily denied. A motion for reconsideration followed, only to meet the same fate. Plaintiffs having now appealed, we summarily affirm.
 
 
 2
 At the outset, we note that plaintiffs have failed to appreciate all that is before us for review. While their notice of appeal listed both the denial of their Rule 60(b) motion and the denial of their motion for reconsideration, they now "concede" that we lack jurisdiction over the former because no timely appeal was filed therefrom. Yet because defendant is an "agency of the United States," Carpenter v. Western Credit Union, 62 F.3d 143, 144 n. 1 (6th Cir.1995), the sixty-day appeal period prescribed by Fed. R.App. P. 4(a)(1) was triggered. And plaintiffs' appeal, it turns out, was filed two days short of this deadline. Whether through happenstance or otherwise, the denial of their Rule 60(b) motion is thus properly subject to review.[1]
 
 
 3
 Nonetheless, plaintiffs' claim falters on the merits. "[B]ecause Rule 60(b) is a vehicle for 'extraordinary relief,' motions invoking the rule should be granted 'only under exceptional circumstances.' " de la Torre v. Continental Ins. Co., 15 F.3d 12, 14-15 (1st Cir.1994) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir.1986)). No such circumstances are present here. We think it significant that, at the time they learned of the March 17 dismissal, plaintiffs could have moved to reopen the time for appeal pursuant to Fed. R.App. P. 4(a)(6)--a remedy that was designed to address the very plight in which they found themselves. Plaintiffs failed to do so. Instead, they waited nearly three months before filing their motion to vacate. Such inaction on their part militates strongly against the availability of Rule 60(b) relief. See, e.g., Jenkins v. Burtzloff, --- F.3d ----, 1995 WL 640413, at * 4 (10th Cir.1995) (holding that, where plaintiff failed to pursue Rule 4(a)(6) relief, "Rule 60(b)(1) cannot save his appeal"); Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 360-61 (8th Cir.1994).[2] As well, whatever the validity of the court's mootness determination, our review of the record reveals that plaintiffs' underlying action was of dubious merit. Given this set of circumstances, we find no abuse of discretion.
 
 
 4
 Affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 The argument actually advanced by plaintiffs on appeal--that the district court abused its discretion in denying the motion for reconsideration--can be readily rejected. That motion complained solely of legal error in the court's Rule 60(b) denial and so, by definition, sought relief under Fed.R.Civ.P. 59(e). See, e.g., Feinstein v. Moses, 951 F.2d 16, 19 n. 3 (1st Cir.1991). Yet it was served outside the applicable ten-day limit, rendering such relief unavailable. See, e.g., Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 390 (1st Cir.), cert. denied, 115 S.Ct. 574 (1994). And even if construed as seeking relief under Rule 60(b), the second motion would border on the frivolous--inasmuch as no "exceptional circumstances" surrounded the denial of the first motion. See, e.g., Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir.1989)
 
 
 [2]
 The Zimmer court went so far as to hold that, with the advent of Rule 4(a)(6), "district courts no longer have the discretion" to grant Rule 60(b)(6) relief "to cure problems of lack of notice"--even when such notice is acquired after the expiration of Rule 4(a)(6)'s 180-day deadline. See 32 F.3d at 361. We have no occasion to address that holding here. Assuming arguendo that Rule 60(b) relief remains available in this context, we find that it was properly denied