117 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lavada S. ERVIN; Greg J. Bender; Rhonda L. Boehringer;
Vicki J. Bender, formerly Glore, Appellees,
v.
CHRYSLER CORPORATION; Jerry Hinrichs; Defendants.
Jerome HINRICHS, Appellant.
 No. 97-1515.
 United States Court of Appeals, Eighth Circuit.
 July 7, 1997.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 On February 5, 1996, after granting Jerome Hinrichs's motion to dismiss appellees' action, the district court[1] denied Hinrichs's motion for costs and attorneys fees; the judgment was entered on February 6, 1996. On November 25, 1996, Hinrichs moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Hinrichs alleged that neither he nor his attorney received notice of the February 6 order from the district court clerk's office, and learned of it only when appellees' counsel sent Hinrichs's attorney a copy of the order on November 18, 1996. The district court denied Hinrichs's motion, and this appeal followed.
 
 
 2
 We conclude the district court correctly found that it lacked the discretion to reopen the time for appeal, as Hinrichs's Rule 60(b)(6) motion was filed on November 25, well after the expiration of 180 days from the February 6 entry of judgment. See 28 U.S.C. § 2107(c); Fed.R.Civ.P. 77(d); Fed. R.App. P. 4(a)(6). Accordingly, we dismiss Hinrichs's appeal. See Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 359, 361 (8th Cir.1994).
 
 
 3
 We further deny appellees' motion for sanctions.
 
 
 
 [1]
 The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)