In re Alexander V. STEIN, Debtor.

John H. MITCHELL, Trustee, Plaintiff,

v.

BURT & GORDON, P.C., an Oregon Professional Corporation, Robert G. Burt; Mark A. Gordon; Burt, Vetterlein & Bushnell, P.C., an Oregon Professional Corporation; Andrea L. Bushnell; Burt & Vetterlein, P.C., an Oregon Professional Corporation, Defendants.

BURT, VETTERLEIN & BUSHNELL, P.C., an Oregon Professional Corporation, Third–Party Plaintiff,

v.

George V. STEIN; Mark A. Gordon; Premium Technology, Inc., a North Carolina corporation; Premium Entertainment Network, Inc., a California corporation; and Premium T.V. International, Inc., a California corporation; and Alexander Stein, Third–Party Defendants.

Nos. 392–33885–S7.
Adversary No. 92–3112–S.
Civ. No. 93–438–FR.

United States District Court,
D. Oregon.

June 3, 1998.

---

John S. Ransom, Michele L. Kohler, Ransom Blackman, Portland, OR, for John H. Mitchell.

John Folawn, Stephen P. McCarthy, Lane Powell Spears Lubersky, Portland, OR, for Mark A. Gordon.

Michael O. Moran, Black Helterline, Portland, OR, for Burt & Vetterlein, P.C. and Robert G. Burt.

Mark R. Wada, Brad C. Stanford, Farleigh, Wada & Witt, P.C., Portland, OR, for third-party defendants.

## OPINION

FRYE, District Judge.

The matters before the court are 1) the motion of defendant Mark A. Gordon pursuant to FRCP 60(B) to vacate and re-enter judgment (# 433); and 2) the motion of defendants Burt & Gordon, P.C. and Robert G. Burt under Fed.R.Civ.P. 60(b)(1) and 60(b)(6) to vacate judgment and re-enter it (# 438–1) or, in the alternative under Fed.R.App.P. 4(a), to reopen the time for filing an appeal (# 438–2).

## BACKGROUND

On August 6, 1997, this court entered judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) in favor of the plaintiff and against the defendants following a jury trial and verdict in favor of the plaintiff on his second claim for relief and after the verdict of the court on the plaintiff's remaining claims.

On August 18, 1997, defendants Burt & Gordon, P.C. and Robert G. Burt filed 1) a motion for entry of judgment on plaintiff's breach of fiduciary duty claim and on the award of punitive damages or a new trial on these issues; and 2) a motion to amend findings and judgment under Fed.R.Civ.P. 52(b).

On August 20, 1997, this court entered an order setting the motion of defendants Burt & Gordon, P.C. and Robert G. Burt for entry of judgment on plaintiff's breach of fiduciary duty claim and on the award of punitive damages or new trial and the motion to amend findings and judgment on the court's calendar of September 22, 1997 not for oral argument.

On August 21, 1997, defendant Gordon filed a motion for a new trial or for judgment as a matter of law.

On August 22, 1997, this court entered an order setting defendant Gordon's motion for a new trial or for judgment as a matter of law on its not for oral argument calendar of September 22, 1997.

On October 1, 1997, the court entered three separate orders denying 1) the motion of defendants Burt & Gordon, P.C. and Robert G. Burt for entry of judgment on plaintiff's breach of fiduciary duty claim and on the award of punitive damages or new trial; 2) the motion of defendant Burt & Gordon, P.C. and Robert G. Burt to amend findings and judgment; and 3) the motion of defendant Gordon for a new trial or for judgment as a matter of law. On October 2, 1997, these orders were placed in the file and entered on the official court record in docket numbers 419, 420 and 421. Each order reflects that counsel was notified.

The Clerk's Office closed for business in the old federal courthouse on October 17, 1997 at 2:00 p.m. and reopened for business in the new federal courthouse on October 20, 1997.

On February 6, 1998, counsel for the plaintiff wrote the court pursuant to Local Rule 205–2(a) of the United States District Court for the District of Oregon stating that the post-trial motions by defendant Gordon and defendants Burt & Gordon, P.C. and Burt "have not been determined."

On February 9, 1998, counsel for defendant Gordon wrote the court pursuant to Local Rule 205–2(a) of the United States District Court for the District of Oregon stating that the defendant Gordon had not received a decision on his motion for a new trial.

On February 10, 1998, counsel for defendants Burt & Gordon, P.C. and Burt wrote the court pursuant to Local Rule 205–2(a) of the United States District Court for the District of Oregon stating that the defendants post-trial motions remained under advisement.

On April 9, 1997, counsel for defendant Gordon received a telephone call from counsel for defendant Andrea Bushnell. During the telephone conversation, counsel for Bushnell stated that she had called this court's clerk, and that she had been informed that the action had been concluded; that the defendant's post-trial motions had been decided in October, 1997; and that the rulings of the

court were reflected in district court docket numbers 419, 420 and 421.

Counsel for defendant Gordon reviewed his case pleadings and confirmed that he had not received copies of any orders from this court bearing docket numbers 419, 420 and 421. Counsel for defendant Burt did not receive copies of any orders from this court bearing docket numbers 419, 420 and 421.

On April 20, 1998, defendant Gordon filed the motion of defendant Mark A. Gordon pursuant to FRCP 60(B) to vacate and re-enter judgment.

On April 24, 1998, defendants Burt & Gordon, P.C. and Burt filed the motions by defendants Burt & Gordon, P.C. and Robert G. Burt under Fed.R.Civ.P. 60(b)(1) and 60(b)(6) to vacate judgment and re-enter it or, in the alternative under Fed.R.App.P. 4(a), to reopen the time for filing an appeal.

## CONTENTIONS OF THE PARTIES

The defendants contend that this court should exercise its discretion to vacate the judgment entered on August 6, 1997 and to re-enter the judgment in order to allow defendants to file a timely appeal. The defendants contend that notice of the court's October 1, 1997 rulings was not provided to any party; that plaintiff will not be prejudiced by granting the relief sought; and that the defendants promptly moved the court for relief following discovery of the court's rulings. In addition, the defendants contend that the rulings were made about the time that the federal court was moving to its new building, and that the court failed to respond to the letters submitted to the court pursuant to Local Rule 205–2 in early February of 1998 informing the court that the motions were under advisement. The defendants contend that had the court responded to their letters, they would have learned of the rulings of October 1, 1997, within 180 days of the rulings, and would have secured relief under Fed.R.App.P. 4(a)(6).

The plaintiff contends that this court is without discretion to grant a motion to vacate and re-enter judgment under Fed.R.Civ.P. 60 in order to permit an appeal after the expiration of 180 days from the entry of judgment.

The plaintiff contends that the 1991 amendments to the Federal Rules of Civil Procedure specifically address the issue of lack of notice in Fed.R.Civ.P. 77(d) and Fed.R.App.P. 4(a)(d). The plaintiff explains that Fed.R.Civ.P. 77(d) and Fed.R.App.P. 4(a)(d) limit the court's discretion to cure problems of lack of notice under Fed.R.Civ.P. 60(b).

## APPLICABLE LAW

Rule 60 of the Federal Rules of Civil Procedure states, in relevant part:

(a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the proce-

dure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Rule 77(d) of the Federal Rules of Civil Procedure states:

**(d) Notice of Orders or Judgments.** Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.* (Emphasis added.)

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that:

The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, *upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier,* reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal. (Emphasis added.)

*See* 28 U.S.C. § 2107.

The Advisory Committee Notes for the 1991 Amendment which enacted subdivision (a)(6) states, in relevant part:

Reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier. This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal and enables any winning party to shorten the 180–day period by sending

(and establishing proof of receipt of) its own notice of entry of a judgment, as authorized by Fed.R.Civ.P. 77(d).

In *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 359 (8th Cir.1994), the defendant had not learned of the order of the court filed on February 1, 1993 denying its post-trial motions until August 19, 1993 "when one of Zimmer's lawyers talked with 'the judge's clerk' and was told about the order." The order in *Zimmer,* had been recorded on the official civil docket sheet but had not been placed in the individual case file in the clerk's office. Counsel.had checked the case file but not the civil docket sheet. The trial court granted a motion by *Zimmer* to vacate the judgment based upon Fed.R.Civ.P. 60(b)(6), which allows a trial court to " 'relieve a party ... from a final judgment,' " upon motion, for " 'any reason [other than those specified in another section of the rule] justifying relief from the operation of the judgment.' " *Id.*

The United States Court of Appeals for the Eighth Circuit dismissed the subsequent appeal in *Zimmer* for lack of jurisdiction. The Court explained:

It is our view that the 1991 amendment was designed to respond to the circumstances that had prompted courts to use Fed.R.Civ.P. 60(b)(6) to circumvent the deadlines specified by Fed.R.App.P. 4(a)(5). Other courts and commentators have so concluded as well....

It therefore appears that the plain language of both Fed.R.App.P. 4(a)(6) and Fed.R.Civ.P. 77(d) addresses specifically the problem of lack of notice of a final judgment. That specificity, in our view, precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice. Since that language also delineates a specific period during which the period for appeal may be reopened, moreover, we conclude that the district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired.

32 F.3d at 360–61.

## RULING OF THE COURT

The orders of this court signed on October 1, 1997 which denied the defendants' post-

trial motion were entered on the court's docket sheet on October 2, 1997 in docket numbers 419, 420 and 421. Each order indicates that counsel was notified. The orders were placed in the individual case files on or about October 2, 1997. The parties had full access to the individual case files and the court's docket, including electronic access in their law offices through PACER.

■■■ Under the plain language of Fed. R.App.P. 4(a)(6) and Fed.R.Civ.P. 77(d), the outer time limit for filing a motion to extend the time for filing a notice of appeal is 180 days from October 2, 1998. *See Zimmer,* 32 F.3d at 360; *Benavides v. Bureau of Prisons,* 79 F.3d 1211, 1214 (D.C.Cir.1996). The time limits provided by Fed.R .App.P. 4(a)(6) and Fed.R.Civ.P. 77(d) are "mandatory and jurisdictional." *Marcangelo v. Boardwalk Regency,* 47 F.3d 88, 91 (3rd Cir.1995) (quoting *Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)). The motions at issue were filed on April 20, 1998 and April 24, 1998, outside of the 180–day period. The fact that the court did not recognize the mistake after the parties wrote to the court pursuant to the Local Rules, while regrettable, cannot create jurisdiction where the federal rules do not provide for it. The court concludes under the facts of this case that it has no discretion to vacate the judgment entered on August 6, 1997 and to re-enter the judgment.

## CONCLUSION

The motion of defendant Mark A. Gordon pursuant to FRCP 60(B) to vacate and re-enter judgment (# 433) is denied. The motion of defendants Burt & Gordon, P.C. and Robert G. Burt under Fed.R.Civ.P. 60(b)(1) and 60(b)(6) to vacate judgment and re-enter it (# 438–1) or, in the alternative under Fed. R.App.P. 4(a), to reopen the time for filing an appeal (# 438–2) is denied.