FERNANDEZ, Circuit Judge:
Mark A. Gordon, Robert G. Burt, and Burt & Gordon, P.C.[3] appeal the district court’s denial of their motions to vacate a judgment and to then reenter it so that they could appeal from that reentered decision. See Fed.R.Civ.P. 60(b)(1) — (6). In addition, B & G appeals the district court’s denial of its motion to extend its time to appeal. See Fed. R.App. P. 4(a)(5) — (6). We affirm.
BACKGROUND
On August 6, 1997, the district court entered a final judgment in favor of bankruptcy trustee John H. Mitchell and against the Attorneys. See Fed.R.Civ.P. 54(b). The Attorneys, however, filed timely motions for judgment as a matter of law, to amend the judgment, and for a new trial. See Fed.R.Civ.P. 50(b), 52(b) and 59. The district court took all of those motions under submission on September 22, 1997, and on October 1, 1997, the order denying them was duly entered. That commenced the 30-day period for filing a notice of appeal. See Fed. R.App. P. 4(a)(1). No timely appeal was filed.
Long after the normal 30-day period had run, the Attorneys filed motions with the district court to obtain relief from their failure to file their notices of appeal. They asserted that they had not received notice of the entry of the orders, and further pointed out that in February of 1998 they had written to the district court to ascertain the status of their post trial motions, but had heard nothing. Only later — April 9 & 10, 1998 — did they discover that the orders denying the motions had been entered on October 1, 1997. They then filed motions to obtain relief from their failure to file their appeals in a timely fashion.
On April 20, 1998, Gordon sought relief by means of a motion to vacate and reenter' the judgment. See Fed.R.Civ.P. 60(b)(1). Then on April 24, 1998, B & G sought relief by means of a motion to vacate and reenter the judgment. See Fed.R.Civ.P. 60(b)(1) — (6). B & G further asserted that it was entitled to relief in the form of an extension of time to appeal. See Fed. R.App. P. 4(a)(5) — (6).
The district court denied all of the Attorneys’ motions, and these appeals from the denial followed.
*424 JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction pursuant to 28 U.S.C. § 1291.
We review the district court’s denial of the Federal Rule of Civil Procedure 60(b)[4] motions for abuse of discretion. See Wilson v. City of San Jose, 111 F.3d 688, 691 (9th Cir.1997). We also review the district court’s denial of relief under the provisions of Federal Rule of Appellate Procedure 4(a)[5] for abuse of discretion. See Marx v. Loral Corp., 87 F.3d 1049, 1053 (9th Cir.1996); Nunley v. City of Los Angeles, 52 F.3d 792, 794 (9th Cir.1996). “A district court abuses its discretion if its decision rests upon an erroneous view of the law.” Wilson, 111 F.3d at 691.
DISCUSSION
The district court determined that on the facts of this case relief was not available under Rule 60(b) because the exclusive remedies for a failure to file a timely notice of appeal due to a lack of notice of entry of the judgment or order were contained in Rule 4(a). It added that the Attorneys had not brought themselves within the provisions of Rule 4(a). As we will explain, we agree with those assessments.[6]
Because of continuing problems in the area of notice of entry and because judgments should achieve finality at some definite point, Rule 4(a) was amended in 1991. Before that, the Rules already contained a relief provision, albeit a very restricted one. “The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).” Rule 4(a)(5).[7]
That rule did not really take care of the situation where a party had failed to file a timely notice of appeal because it had not actually received notice of the entry of the judgment or order. Of course, it had long been the burden of the party to ascertain when the judgment or order was entered, even if the notice of entry was not sent or was not received. See Fed.R.Civ.P. 77(d).[8] However, it was still felt that some limited additional relief was appropriate. Thus, Rule 4(a)(6) was added. It read:[9]
The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
While Rule 77(d) was also amended, the pertinent part remained the same as it had been before.
*425 The Advisory Committee explained that the purpose of the addition of Rule 4(a)(6) was to provide “a limited opportunity for relief in circumstances where the notice of entry of a judgment or order ... is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal.” Rule 4(a) advisory committee’s note (1991 Amendment). It went on to explain that the 180-day period “establishes an outer time limit ... for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal____” Id. Taken together, Rule 77(d) and the changes to Rule 4(a) set an outer limit on the time a party can wait, but is it the outer limit? The answer is yes. The very structure of the changes makes it clear that parties are expected to energize themselves, and to discover the entry, with or without a notice. Failing that, they lose the right to appeal. Allowing further extensions or tampering with those time limits for conferring appellate jurisdiction upon us, based solely on notice problems, would relax the “outer time limit” that Rule 4(a)(6) was intended to set, and would undermine (or even eliminate) the very purpose and need for the rule itself.
A leading treatise has reached the same conclusion. As that treatise puts it: “Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the one-time practice of vacating the judgment and reentering the same judgment in order to create a new appeal period.” 16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed.1999). Other courts of appeals that have reflected upon the matter have agreed with that assessment.
The Eighth Circuit addressed the question in Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357 (8th Cir.1994). In that case, a party sought to use Rule 60(b) — in particular 60(b)(6) — for the purpose of obtaining relief after it had failed to meet the provisions of Rule 4(a). See id. at 359. It had attempted to ascertain whether an order had been entered by checking the district court’s file and docket, but had failed to come across the entry. See id. The Court of Appeals referred to the materials we have already mentioned and then declared:
It is our view that the 1991 amendment was designed to respond to the circumstances that had prompted courts to use Fed.R.Civ.P. 60(b)(6) to circumvent the deadlines specified by Fed. RApp. P. 4(a)(5). Other courts and commentators have so concluded as well.
It therefore appears that the plain language of both Fed. R.App. P. 4(a)(6) and Fed.R.Civ.P. 77(d) addresses specifically the problem of lack of notice of a final judgment. That specificity, in our view, precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice. Since that language also delineates a specific period during which the period for appeal may be reopened, moreover, we conclude that the district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired.
Id. at 360-61 (citations omitted). We agree with that analysis, and do not see how the Attorneys’ added reliance on Rule 60(b)(1) can have any effect whatsoever upon it. Use of Rule 60(b)(1), no less than use of Rule 60(b)(6), would derogate from the purpose and effect of Rule 4(a). Neither of Rule 60(b)’s provisions is the hand-sel that the Attorneys seek.
Nor is there any authority to the contrary. Quite the reverse. In Eaton v. Jamrog, 984 F.2d 760 (6th Cir.1993), the court overturned the district court’s vacation and reentry of judgment for the purpose of giving “plaintiffs the opportunity to perfect a timely appeal.” Id. at 762. The court said, “[a] district court may not vacate its earlier judgment to avoid the *426 statutorily mandated manner in which an appellant must file a proper notice of appeal.” Id.; see also Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199,1204-05 (5th Cir.1993) (Rule 60(b) cannot be used to seek relief where the claim was failure to receive notice of entry of judgment); Jones v. W.J. Services, Inc. (In re Jones), 970 F.2d 36, 39 (5th Cir.1992) (district court properly denied Rule 60(b) relief when Rule 4(a) requirements were not followed); cf. Marcangelo v. Boardwalk Regency, 47 F.3d 88, 91 (3d Cir.1995) (the time limits in Rule 4(a) are “ ‘mandatory and jurisdictional.’”) (citation omitted). Of course, insofar as our decision in Rodgers v. Watt, 722 F.2d 456, 459-60 (9th Cir.1983), reflects the old one-time practice regarding notice, it has been rendered obsolete and inapplicable to this type of case by the 1991 addition of Rule 4(a)(6). Thus, it does not stand as contrary authority.
In fine, Rule 4(a) and Rule 77(d) now form a tessellated scheme; they leave no gaps for Rule 60(b) to fill. Therefore, the district court did not err when it declined to allow the Attorneys relief under Rule 60(b).
B&G, however, alternatively claims that Rule 4(a) itself mandates relief. We disagree because B & G’s motion was filed far outside the limitation periods in Rule 4(a)(5)-(6). Clearly, it was not filed within the 30-day period provided by Rule 4(a)(5). Nor was it filed within the 180-day period provided by Rule 4(a)(6); for that matter, it was not even filed “within 7 days of receipt of notice.” See Rule 4(a)(6). But, argues B&G, the 30-day period of Rule 4(a)(5) should be tacked onto the 180-day period of Rule 4(a)(6), and it did file within that time. We do not agree.
The provisions clearly stand alone as entirely separate methods of affording relief from a failure to file within the appropriate time' — the one provides a 30-day window for extending the normal time to appeal, and the other a separate maximum 180-day window to reopen the time. As the Advisory Committee notes show, the generous 180-day period was intended to be the “outer time limit” for relief. See Rule 4(a) advisory committee’s note (1991 Amendment). Nothing suggests an intent to add still another 30-day period to that. B&G believes that the 1998 amendments show that the 30-day extension period can be added to the 180-day reopening period.[10] But the contrary is true. Were there the slightest doubt before the change, the specific reference to 4(a)(1) & (3) in the 1998 amendments has wiped it away. Those amendments were, as we have noted, for the purpose of making “the rule more easily understood” and were “intended to be stylistic only.” 1998 Amendment Communication to Congress. The clarification shows that “the time prescribed by this Rule 4(a)” was intended to be one of the initial periods referred to in Rule 4(a)(1) & (3). It also underscores the intuition that the prescribed time for filing a notice of appeal does not include the time during which the Rule 4(a)(5) motion to extend time could itself be filed. Similarly, it does not include the time during which a Rule 4(a)(6) motion to reopen could be filed. B & G is not entitled to relief.[11]
*427 CONCLUSION
Gordon and B&G failed to check the docket and, thus, did not ascertain that the orders denying their post trial motions had been entered. They did not discover their error until after the relief periods provided in Rule 4(a) had passed. The district court, therefore, properly refused relief under that rule. Moreover, Rule 60(b) cannot be used as an apotropaion that will avert the harm which has befallen them. Again, the district court did not err.[12]
AFFIRMED.

. Robert G. Burt and Burt & Gordon, P.C., will be referred to collectively as B&G. Gor *424 don and B&G will sometimes hereafter be referred to collectively as the "Attorneys.”

. We will hereafter simply refer to Rule 60(b).

. We will hereafter simply refer to Rule 4(a).

. Incidentally, as relevant here 28 U.S.C. § 2107 contains essentially the same language as Rule 4(a).

. We quote the rule before its restatement in the 1998 amendments, which were strictly stylistic. See Communication from the Chief Justice, The Supreme Court of the United States, Amendments to Federal Rules of Appellate Procedure, H.R. Doc. No. 105-269, at 125 (1998) (hereinafter 1998 Amendment Communication to Congress).

. We will hereafter simply refer to Rule 77(d). It reads, in pertinent part: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.”

. We quote here the rule before its restatement in the 1998 amendments, which, as relevant to our decision, were strictly stylistic. See 1998 Amendment Communication to Congress.

. As amended Rule 4(a)(5) reads:
(A) The district court may extend the time to file a notice of appeal if:
(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires: and
(ii) that party shows excusable neglect or good cause.
(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
(C)No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

. We also reject Gordon’s argument that if he does not obtain relief, his constitutional *427 rights have been violated. He relies on a case which declared that creditors in bankruptcy were entitled to notice before their substantive rights were cut off. See City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296-97, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953). That case has no application here, where the procedural right to appeal is limited in time, and the onus is upon the party to determine when that time commences to run. Any loss of rights by Gordon was due to his own neglect.

. We deny Mitchell’s motion to impose sanctions upon the Attorneys for filing frivolous appeals. See Fed. R.App. P. 38. We do not find the appeals to have been frivolous. See Hyde & Drath v. Baker, 24 F.3d 1162, 1172-73 (9th Cir. 1994); cf. Wood v. Santa Barbara Chamber of Commerce, Inc. 699 F.2d 484, 485-6 (9th Cir. 1983).