# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-3388

_____

American Boat Company, Inc.;           *
Underwriters Insurance Company;        *
Navigators Insurance Company,          *
                                       *
                                       *
        Plaintiffs - Appellants,       *
                                       *    Appeal from the United States
                                       *    District Court for the Eastern
    v.                                 *    District of Missouri.
                                       *
Unknown Sunken Barge; Unknown          *
Owner of Unknown Sunken Barge;         *
Unknown Tower of Unknown Sunken        *
Barge,                                 *
                                       *
        Defendants,                    *
                                       *
United States of America,              *
                                       *
        Defendant - Appellee.          *

_____

Submitted: April 11, 2005
Filed: August 16, 2005

_____

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

The Appellants ("American Boat") brought this action for negligence and the district court granted summary judgment. American Boat filed a Motion to Amend

Judgment, or in the Alternative for Reconsideration, and the district court denied the motion. The time to appeal the denial expired without action by American Boat. American Boat then moved to reopen the time to file an appeal, claiming it did not receive notice of the denial. The district court denied the motion, and also denied American Boat's two subsequent motions for reconsideration. American Boat now appeals. We reverse and remand, with instructions.

## I.  Procedure & Facts

American Boat owns and operates towboats that push barges on the Mississippi River. On February 15, 2000, a towboat owned and operated by American Boat allided with a submerged wreck. American Boat brought a claim against the United States for negligently failing to maintain the navigable channel of the lower Mississippi River.

During the proceedings, the district court began operating an electronic case filing and case management system. Individuals registered through the system to receive notice of court filings via e-mail. Those who registered were not entitled to service of a paper copy. Frank J. Dantone, Joel J. Henderson, and Edward D. Lamar of Henderson Dantone, P.A. of Greenville, Mississippi, served as trial counsel for American Boat. None had registered with the district court to receive pleadings via e-mail. Donald Dickerson, of Cape Girardeau, Missouri, served as local counsel for American Boat. Dickerson and his secretary, Heather Greable, had both registered with the district court's electronic mail filing system.

On September 2, 2003, the district court granted summary judgment to the United States, finding that the discretionary function exception to the Federal Tort Claims Act applied and exempted the United States from liability as a matter of law. American Boat filed a Motion to Amend Judgment, or in the Alternative for Reconsideration. On November 5, 2003, the district court denied the motion.

American Boat states that it did not receive notice of this order until Lamar saw the order on PACER on March 4, 2004. He immediately called District Court Clerk's office and requested a copy of the order. The Clerk's office faxed him a copy of the November 5, 2003 order, together with the message traffic, which read in part:

> 1:01-cv-21 Notice will be electronically mailed to:
>
> Donald L. Dickerson   ddickerson@clas.net, hgreable@clas.net
> Joseph M. Landolt   joseph.landolt@usdoj.gov, rebecca.burke@usdoj.gov

It then had a header reading "1:01-cv-21 Notice will not be electronically mailed to:" and listed the names and mailing addresses of Dantone, Henderson, Lamar and Michelle Delemarre, lead counsel for the United States.

## A.     Motion to Reopen the Time to File an Appeal

On March 9, 2004 American Boat filed a Motion to Reopen the Time to File an Appeal of the Court's Order granting the United States' Motion for Summary Judgment ("Motion to Reopen"), arguing that it had not received notice of the district court's November 5, 2003 order until March 4, 2004. Attached to the motion were affidavits of Dickerson and Greable in which they both stated they did not receive the e-mail notice of the November 5, 2003 order. Also attached were affidavits in which Dantone, Henderson, and Lamar stated they had not received notice of the November 4, 2003 order until March 4, 2004, when Lamar saw the document on PACER.

Delemarre did not receive notice through the United States Mail and only became aware of the entry of the order through communications she had with Assistant United States Attorney Joseph M. Landolt. Landolt was the only one on the list of intended adressees who stated he had received notice of the entry of the November 5, 2003 order via e-mail.

On July 1, 2004, the district court denied American Boat's motion, finding that it had received timely notice of the entry of the Court's Order of November 5, 2003, and that, therefore, it had not complied with prerequisite of Fed. R. App. P. 4(a)(6).

## B.    Motion to Reconsider

On July 14, 2004, American Boat filed a motion to reconsider pursuant to Fed. R. Civ. P. 59(e).  American Boat also argued in the alternative for relief under Fed. R. Civ. P. 60(b)(6).  It also submitted the affidavit of Matthew Wallhausen, a computer technician, that stated "with near to absolute certainty the November 5, 2003 notice of filing was never received by the computer at the office of Dickerson, Hill & Lange."

On August 12, 2004, the district court denied American Boat's motion to reconsider.  The district court found that the facts set forth in Wallhausen's affidavit did not constitute newly discovered evidence under Rule 59(e).  The district court found further that American Boat had not established that "exceptional circumstances" existed warranting relief under Rule 60(b)(6).

During the pendency of the first Motion to Reconsider, Lamar and his legal assistant, Jennie L. DiBiase, registered with the district court's e-mail system.  They received registration confirmation e-mails on August 5, 2004.  On August 6, 2004, Lamar received a copy of a pleading in an unrelated case through the e-mail system.  However, he did not receive via e-mail a copy of the district court's August 12, 2004 order denying American Boat's Rule 59(e)/60(b)(6) motion.

## C.    Second Motion to Reconsider

On August 25, 2004, American Boat again moved the district court to reconsider its August 12, 2004 order.  American Boat argued that the district court's

electronic mail system failed to send notice of the August 12, 2004 order to Lamar. American Boat argued that this failure was additional evidence that the district court should reconsider. Attached to the motion was an Affidavit of Staten Trippe, network operations director of TecInfo, Inc., an internet service provider, opining that Henderson Dantone, P.A. e-mail system did not receive a message addressed to Lamar from the district court's e-mail system from August 12 through August 13, 2004.

On September 8, 2004, the district court denied American Boat's second motion for reconsideration. American Boat now appeals the district court's denial of its Motion to Reopen Time to File an Appeal as well as the district court's August 12, 2004 and September 8, 2004 orders.

## II. Analysis

### A. Standard of Review

We review the district court's denial of American Boat's Motion to Reopen for an abuse of discretion. See Scott-Harris v. City of Fall River, 134 F.3d 427, 433 (1st Cir. 1997); Nunley v. City of Los Angeles, 52 F.3d 792, 794 (9th Cir. 1995); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Jones v. W.J. Services, Inc., 970 F.2d 36, 39 (5th Cir. 1992). We review the district court's factual determination that American Boat received notice for clear error. See Nunley, 52 F.3d at 797.

### B. Discussion

As a general rule, in cases where the United States is a party, parties have 60 days from the date of judgment to file a notice of appeal. Fed. R. App. P. 4(a)(1)(B). However, certain exceptions to this time limit exist:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The court has discretion to reopen the time to file an appeal only if all three conditions are satisfied. Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 361 (8th Cir. 1994). Below, the district court found that American Boat had in fact received notice of the November 5 order, and thus did not satisfy all three conditions of Rule 4(a)(6).

The district court reasoned that a presumption of delivery of the e-mails should apply. It held that the clerk's docket entries are presumed correct in the absence of reliable evidence to the contrary, citing Arnold v. Wood, 238 F.3d 992, 995-96 (8th Cir. 2001). It further held that the district court clerk's Electronic Case Filing entries in this case constituted the official clerk's docket entries. If these entries indicated that an e-mail was sent and not returned as undeliverable, then receipt of that e-mail would be presumed. Since no e-mails were returned in this case, the district court presumed that they had been received by American Boat. The district court also noted that Assistant United States Attorney Landolt had confirmed receipt of his e-mail.

The district court then considered American Boat's evidence of non-delivery. It stated that American Boat had submitted: (1) the affidavits of three attorneys stating that they had neither received notice via U.S. Mail nor e-mail, (2) an affidavit

-6-

of Greable, stating that she had not received notice (3) a printout of Geable's Inbox, which showed she had received 13 other e-mail notifications from the district court between October 31, 2003 and November 21, 2003, but did not show the e-mail notification at issue. The district court assessed this evidence and concluded that American Boat failed to overcome the presumption that the docket accurately reflected delivery of the November 5, 2003 e-mail notification.

We agree with the district court that a presumption of delivery should apply to e-mails. "A jury is permitted to infer that information sent via a reliable means—such as the postal service or a telegram—was received." Kennell v. Gates, 215 F.3d 825, 829 (8th Cir. 2000). We have held that there is "no principled reason why a jury would not be able to make the same inference regarding other forms of communication—such as facsimiles, electronic mail, and in-house computer message systems—provided they are accepted as generally reliable and that the particular message was properly dispatched." Id. However, in this case, we conclude that the appellants have made a sufficient showing to at least be entitled to an evidentiary hearing on the issue of whether they have adequately rebutted the presumption.

In making this determination, we note several factors. First, the system had only been in operation for a few weeks. We have no doubt that the district clerk's office had thoroughly tested the system. However, any new computer system is subject to a certain number of "glitches." Secondly, the fact that the system was not operating as intended is evidenced by the fact that it appears undisputed that none of the attorneys who were to receive paper notice received a copy of the court's order. Finally, the government's co-counsel in Washington indicated that she had no record of having received e-mail notification, although, she had also registered to receive notification in that format. Although the district court was correct that the affidavit of the computer technician, filed as a part of the motion for reconsideration, should have been filed sooner, it does lend further support to our concerns about whether notice was actually sent and received.

"[A]s a practical matter it is never easy to prove a negative" <u>Elkins v. United States</u>, 364 U.S. 206, 218 (1960). In cases involving lack of notice, there is often little a party can do except swear he or she did not receive the communication. Here, where several intended recipients, most of whom are officers of the court, all said they did not receive notice, there is enough evidence to warrant an evidentiary hearing on the rebuttal of the presumption of delivery and receipt.

### III. Conclusion

For the above reasons, we reverse the judgment of the district court and remand for an evidentiary hearing to determine whether American Boat should be permitted to reopen the time to file an appeal.

_____