Eric **COUTURE,** Petitioner,

v.

**UNITED STATES of America,** Respondent.

Civil Action No. 06–10949–NMG.

United States District Court, D. Massachusetts.

May 15, 2009.

Christopher F. Bator, United States Attorney's Office, Boston, MA, Paul G. Casey, U.S. Attorneys Office, Worcester, MA, for Respondent.

## MEMORANDUM & ORDER

NATHANIEL M. GORTON, District Judge.

Petitioner has moved 1) to reopen the time to file an appeal of the dismissal of his 28 U.S.C. § 2255 motion and 2) for a certificate of appealability ("COA") with respect to that dismissal. Because his motion does not satisfy the requirements of Fed. R.App. P. 4(a)(5) or (6), this Court declines to reopen (or extend) the time to file an appeal and thus the motion for a COA is rendered moot.

### I. *Background*

On November 4, 2004, the petitioner, Eric Couture ("Couture"), pled guilty in federal court to one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1) and one count of using or possessing a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). For those crimes he was sentenced to a total of 130 months imprisonment on January 7, 2005. Couture initially appealed that sentence but later voluntarily dismissed the appeal.

On May 26, 2006, Couture filed a § 2255 motion. After the parties requested and were granted several extensions of time to submit memoranda, the motion was eventually referred to United States Magistrate Judge Marianne B. Bowler on February 12, 2008. On May 30, 2008, Magistrate Judge Bowler returned a report and recommendation ("R & R") that the motion be denied. That R & R was accepted and adopted by this Court on July 1, 2008, and a separate order dismissing the case was entered that same day.

Couture claims that, due to his frequent transfers between federal prison facilities in 2007 and 2008, he never received Magistrate Judge Bowler's R & R and thus did not have an opportunity to file any objec-

tions to it. Moreover, he asserts that he never received notice of this Court's acceptance and adoption of the R & R or the order of dismissal entered on July 1, 2008. Consistent with his understanding that the case was still pending, Couture filed a motion to supplement his pleading on September 26, 2008, which was promptly denied.

On November 21, 2008, Couture sent a letter to this Court requesting a copy of the docket sheet and finally, on February 5, 2009, he filed the pending motion to reopen the time to file an appeal and for a COA. Although Couture claims to have never received a copy of the judgment against him, at some point he became aware of that judgment and of the fact that it was entered on July 1, 2008.

## II. *Analysis*

### A. Legal Standard

Federal Rules of Appellate Procedure govern the time period for filing an appeal and circumstances under which a district court may extend or reopen that period. In civil cases where the United States is a party, a notice of appeal must ordinarily be filed within 60 days of the date that the judgment or order appealed from is entered. Fed. R.App. P. 4(a)(1)(B).

Rule 4(a)(5) permits the district court to extend the time to file an appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R.App. P. 4(a)(5)(A)(i). In the event that the court deems such an extension warranted, the Rule provides that it may not "exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R.App. P. 4(a)(5)(C).

The procedure for reopening the time to file an appeal is governed by Rule 4(a)(6). That Rule permits the district court to reopen the time to file an appeal, for a period of 14 days, if:

> (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days of entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . whichever is *earlier*; and

> (C) the court finds that no party would be prejudiced.

Fed. R.App. P. 4(a)(6) (emphasis added).

### B. Application

Couture moves to reopen the period to file an appeal or, in the alternative, requests that his motion to supplement his pleading be treated as a motion for an extension of time to file an appeal. The Court considers each of those arguments in turn.

#### 1. Reopening the Time to File an Appeal

■ Couture's request that this Court reopen the time to file an appeal cannot be allowed under Fed. R.App. P. 4(a)(6). Although that Rule permits reopening when a defendant did not receive notice of a judgment against him (as Couture has alleged), it sets an "outer limit" of 180 days for the filing of such a motion. *See* Fed. R.App. P. 4(a)(6)(B) & advisory committee's notes to the 1991 Amendment. Here, the judgment against Couture was entered on July 1, 2008, but his motion to reopen was not filed until February 5, 2009, more than one month beyond the expiration of the 180-day period. Consequently, this Court is barred from reopening the time to file an appeal.

### 2. Extending the Time to File an Appeal

 In the alternative to reopening the time to appeal pursuant to Rule 4(a)(6), Couture requests that this Court liberally construe his motion to supplement the pleadings, filed on September 26, 2008, as a motion for an extension of time to file an appeal pursuant to Rule 4(a)(5). Couture apparently seeks to have this Court allow that motion (notwithstanding the fact that it has already been denied) and permit his appeal to go forward.

Despite the apparent fairness of liberally construing Couture's motion to avoid any injustice that may result from denying him a right to appeal, the Court is without recourse here and must enforce the proscription of Fed. R.App. P. 4(a)(6). Were there no rule designed to grant relief to litigants such as Couture, he might have an equitable remedy. The circumstances of this case, however, are expressly contemplated by Rule 4(a)(6), which explicitly governs reopening the time to file an appeal when a litigant did not receive notice of a judgment against him.

Although recognizing that unfairness can result when litigants without notice are denied the right to appeal, the drafters of Rule 4(a)(6) deemed it necessary to set an outer limit of 180 days to reopen the time for such appeals. *See* Fed. R.App. P. 4(a)(6) advisory committee's notes to the 1991 Amendment. Permitting Couture to appeal at this stage, whether under the guise of allowing a motion pursuant to Rule 4(a)(5) or granting some other form of relief, would deliberately circumvent the purpose of Rule 4(a)(6) and therefore his motion will be denied. *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir.1994) (holding that the specificity of Rule 4(a)(6) precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice).

### ORDER

In accordance with the foregoing, petitioner's motion to reopen the time to file an appeal (Docket No. 19) is **DENIED**. Because the Court declines to reopen the time to file an appeal, petitioner's motion for a certificate of appealability (Docket No. 19) is **DENIED** as **MOOT**.

**So ordered.**