**Eduardo M. BENAVIDES, Appellant,**

v.

**BUREAU OF PRISONS.**

No. 95–5147.

United States Court of Appeals, District of Columbia Circuit.

April 2, 1996.

Eduardo M. Benavides, pro se.

R. Craig Lawrence, Assistant United States Attorney, Washington, DC, for appellee.

Before: BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

## ON MOTION FOR APPOINTMENT OF COUNSEL

GINSBURG, Circuit Judge:

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that a party who wants to appeal a judgment or order entered in a civil case must file a notice of appeal with the clerk of the district court within 30 days after the date of entry of the judgment or order from which the appeal will be taken. Rules 4(a)(5) and (6) provide that the district court may, upon motion, extend the time for filing a notice of appeal. Rule 4(a)(5) is available to a party who shows excusable neglect or good cause for failing to file within the 30 days provided; Rule 4(a)(6) may be applied where the court finds that the moving party did not receive notice of the entry of a judgment or order "from the clerk or any party within 21 days of its entry" and that no other party would be prejudiced by allowing the filing of a late notice of appeal. Relief under Rule 4(a)(6) is available only "upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier."

This case raises the question whether the seven-day filing window of Rule 4(a)(6) is opened when a party receives oral notice of the entry of a judgment or order from a source other than the clerk or another party. We hold that it does not.

## I. Background

Benavides filed a pro se suit under the Freedom of Information Act seeking certain records from the Bureau of Prisons. The Government failed to respond to the complaint, and the district court granted Benavides' request. When two years had passed without the BOP having complied with the district court's order, Benavides filed a motion for further relief, including attorney's fees and costs. The BOP quickly tendered its compliance with the court's order to produce documents, and the district court denied Benavides' motion for further relief. On appeal, we determined that a pro se litigant is not entitled to attorney's fees under the FOIA. *See Benavides v. Bureau of Prisons*, 993 F.2d 257 (D.C.Cir.1993).

Meanwhile Benavides had filed a second motion for further relief, requesting sanctions against the BOP. The district court denied that motion on October 1, 1992, and the district court docket indicates that a copy of the order was sent to Benavides on that day. Benavides claims—and the Government has never contested—that he did not receive a copy of the order denying his motion, probably because he was transferred among five different prison facilities between October 15 and November 10, 1992.

When he finally came to alight at a county prison in Beeville, Texas, Benavides mailed a change-of-address notice to the district court, along with a letter to the clerk asking about the "disposition of this cause." The notice and letter were received and filed on November 23, 1992; the district court docket does not reflect any response to the letter.

On February 17, 1993, in the course of a conversation with the attorney representing him in a separate matter, Benavides first heard that his motion for sanctions had been denied the previous October 1. Upon Benavides' request the attorney obtained a copy of the order and mailed it to Benavides, who received it on March 12. Seven days later, Benavides delivered to prison authorities a notice of appeal accompanied by a motion, pursuant to Rule 4(a)(6), to reopen the period for the filing of an appeal; because a pro se prisoner's notice of appeal is deemed "filed" for the purpose of Rule 4(a)(1) when it is delivered to prison authorities for forwarding to the district court, we conclude that Benavides' notice of appeal was filed on March 19. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *see also Faile v. Upjohn Co.*, 988 F.2d 985 (9th Cir.1993); *Moskovits v. DEA*, 774 F.Supp. 649, 653 (D.D.C.1991).

The district court denied Benavides' motion to reopen the period for filing an appeal. This decision rested in part upon the court's mistaken belief that Benavides had not inquired about the status of his motion for sanctions when he notified the court of his new address in November 1992. The court also determined that Benavides had not shown "good cause" to reopen the period for taking an appeal—a consideration more

clearly relevant to a motion made under Rule 4(a)(5) than to a motion invoking Rule 4(a)(6). Benavides filed a motion to alter or amend the district court's order denying his motion to reopen and, when that motion was in turn denied, filed this appeal.

## II. Analysis

■ Rule 4(a)(6) authorizes the district court to permit the late filing of a notice of appeal "where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Advisory Comm.Note, 1991 Amend. of Rule 4. As noted above, in order to obtain relief under Rule 4(a)(6), the moving party must show that (1) he did not receive notice from the clerk or from any party within 21 days of entry of the order or judgment; (2) no other party would be prejudiced by reopening the period for filing an appeal; and (3) the motion to reopen was made within 180 days of the entry of the judgment or order or within seven days of the movant's receipt of such notice, whichever is earlier.

■ Note that Rule 4(a)(6), unlike Rule 4(a)(5), does not require that the party seeking to file an otherwise untimely notice of appeal show "excusable neglect or good cause" or any other facts in mitigation of his tardiness. That is because, by supposition, his tardiness is not his fault. If in a particular case the movant is at fault—if the movant negligently failed to notify the clerk of his change of address, for example—then the district court may, in its discretion, deny relief under Rule 4(a)(6). The rule by its terms authorizes the district court to grant relief; it does not direct the court to do so. *In re Jones,* 970 F.2d 36, 39 (5th Cir.1992).

■ In this case the district court appears to have labored under the misapprehension that Benavides sought relief under Rule 4(a)(5) rather than under Rule 4(a)(6). Neither the district court order denying Benavides' motion to reopen the appeal period nor the order denying his motion to alter or amend that order refers at all to Rule 4(a)(6).

More telling, the district court denied Benavides' motion in part because he failed to show "good cause" for his failure to file—a requirement applicable to a Rule 4(a)(5) but not a Rule 4(a)(6) motion. Therefore, the order under review must be vacated and this matter remanded for the district court to apply the correct standard to Benavides' Rule 4(a)(6) motion to reopen the appeal period.

Because the Government has taken the position that Benavides' motion is untimely, however, we deal with that contention now lest the district court be led astray on remand. We hold that the motion was filed within the time limitations of Rule 4(a)(6), because the seven-day window for filing the motion was never opened.

■ The seven-day window for filing motions under Rule 4(a)(6) is opened only if and when a party receives notice of the entry of the judgment or order he seeks to appeal. That notice must be received "from the clerk or any party." In no case, however, may the window be opened more than 180 days after the entry of the judgment.

■ In this case, Benavides first learned of the adverse order on February 17, 1993, in a discussion with an attorney who was representing him in a separate matter. At no time did he (or his representative) receive notice directly "from the clerk or any party." Although the conversation of February 17 may have put Benavides upon inquiry notice of the adverse order, that notice was insufficient under Rule 4(a)(6) to open the seven-day filing window. To hold otherwise would circumvent the purpose of the rule by requiring Benavides to rely upon second-hand information from a source that, however reliable, was not connected with the dispute. (Whether the seven-day filing window was opened by Benavides' receipt on March 12, 1993, of a copy of the October 1, 1992 order provided by the attorney we need not decide; for if that event did open the filing window, then Benavides filed his Rule 4(a)(6) motion and notice of appeal within the seven days allowed to him.)

Our decision accords with that of the Second Circuit in *Avolio v. County of Suffolk*, 29 F.3d 50, 53 (1994), holding that the notice contemplated by Rule 4(a)(6) is written notice that is received "from the clerk or any party." The position taken by the Eighth and Ninth Circuits on this question is not to the contrary; although both courts have indicated that they regard the seven-day filing window to be opened by "actual notice," they were addressing situations in which the movant's own attorney was put on notice of the order by district court records or by statements of district court employees. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 794 (9th Cir.1995) (party "admits that she received actual notice" when her attorney saw clerk's docket showing entry of adverse order); *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 359 (8th Cir.1994) (dictum that seven-day filing period is triggered by "actual notice" in case where counsel was notified of order orally by judge's clerk more than 180 days after entry of order).

■ The Government's remaining objections to the reopening of the period for filing an appeal have not been preserved. Benavides asserted in the motions here relevant both that he did not receive, from either the clerk or another party, notice of the order denying his motion for further relief within 21 days of its issuance, and that the BOP would not be prejudiced by reopening the period for filing a notice of appeal. The Government did not respond to Benavides' initial 4(a)(6) motion, and in its opposition to his motion to alter or amend, the Government did not contest either the possibility of prejudice or Benavides' representations concerning non-receipt. The Government has therefore waived any objection it may have on those grounds to Benavides' getting relief under Rule 4(a)(6).

### III. Conclusion

We hold that the seven-day filing period of Rule 4(a)(6) was not triggered when an attorney not involved in this case told Benavides in February 1993 of the order entered by the district court on October 1, 1992, and that Benavides' motion was therefore timely. Because the district court treated Benavides'

clearly styled Rule 4(a)(6) motion as though it were made under Rule 4(a)(5), we must remand for the district court to apply the correct standard and to exercise its discretion whether to reopen the time for filing an appeal.