**Bruce NUROCK, Plaintiff,**

v.

**Jo Ann BARNHART, Commissioner, Social Security Administration, Defendant.**

**No. CIV.A.00–1973 PLF.**

United States District Court, District of Columbia.

Sept. 10, 2003.

Bruce Nurock, Paris France, Pro se.

Fred E. Haynes, U.S. Attorney's Office, Washington, DC, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

 This matter is before the Court for consideration of plaintiff's Motion for Extension of Time Within Which to File Notice of Appeal. Plaintiff, a *pro se* plaintiff currently residing in Paris, France, seeks leave to file a notice of appeal of the Order and Judgment entered in this action on January 7, 2003. Because plaintiff filed

---

the motion beyond 30 days after the Judgment, the Court must treat plaintiff's motion as a motion seeking to reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Pursuant to Rule 4(a)(6),

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier;*
>
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6) (emphasis added).

█ Plaintiff asserts that he did not receive a copy of the January 7, 2003 Order and Judgment at the time it was issued, and that he contacted the Clerk of the Court on June 18, 2003 to inquire as to the status of his case. The Clerk informed him at that time that the Judgment had been entered in January. Plaintiff subsequently received a copy of the Order and Judgment on June 28, 2003, and filed the current motion on July 7, 2003, 19 days after speaking with the Clerk of Court. In these circumstances, the Court must deny plaintiff's motion for leave to file his appeal out of time.

Under Rule 4(a)(6), a plaintiff must file a motion to file a notice of appeal out of time on the earlier of one of two dates: seven days from when he or she received notice of the entry of judgment, or 180 days from the date of the judgment itself. *See* FED. R. APP. P. 4(a)(6)(A). The Court therefore must determine what these two dates were in this action, and whether plaintiff filed his motion by the first of these dates. Plaintiff received notice of the entry of judgment on June 18, 2003 when he spoke with the Clerk of the Court. Under this Circuit's interpretation, Rule 4(a)(6) does not require that a party receive written notice of a judgment, but instead requires actual notice—regardless of whether it is oral or written—directly from the Clerk of the Court or some other party in the action, in contrast to a second-hand report. *See Benavides v. Bureau of Prisons,* 79 F.3d 1211, 1214 (D.C.Cir.1996) (notice of judgment "must be received 'from the clerk or any party.' "). Seven days from this date was June 25, 2003. 180 days from the date of judgment, on the other hand, fell on July 7, 2003. Under Rule 4(a)(6)(A), plaintiff therefore had to have filed his motion by June 25, 2003, the earlier of the two dates in question. Plaintiff did not file his motion until July 7, 2003. Accordingly, it is hereby

ORDERED that Motion for Extension of Time Within Which to File Notice of Appeal [13–1] is DENIED.

SO ORDERED.