[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 07-14453
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2008
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 96-00141-CV-4 & 91-00176 CR-4

LEVON BAZEMORE,

                                        Petitioner-Appellant,

                    versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

------------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Georgia

------------------------------------------------------------------

**(September 12, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Levon Bazemore ("Petitioner"), a federal prisoner proceeding pro se,

appeals the district court's denial of his motion to reopen the time for filing an

appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6). Petitioner

ultimately seeks to appeal the district court's order denying his Rule 60(b) motion for relief from judgment: the motion was a successive motion under 28 U.S.C. § 2255 filed without authorization from this Court. No reversible error has been shown; we affirm.

This appeal is the latest event in a long history of post-conviction proceedings dating back to 1996, when Petitioner filed his first section 2255 petition challenging his federal conviction for various drug offenses. After his first petition was denied, Petitioner filed a motion under section 2255 and Rule 60(b) seeking to vacate his sentence because it was based in part on a prior state conviction that had been subsequently vacated by the Georgia Supreme Court. The district court again denied Petitioner's motion; and on appeal, we affirmed on grounds that Petitioner's motion was a successive section 2255 petition that had not been authorized by this Court. See Bazemore v. United States, No. 01-15448 (11th Cir. Oct. 7, 2002).[1]

Petitioner returned to the district court and filed a Rule 60(b) motion seeking reconsideration of its ruling that Petitioner's previous motion was a successive section 2255 petition. Petitioner argued that reconsideration was warranted in the light of the Supreme Court's intervening decision in Gonzalez v.

_____

[1]Although this opinion was initially issued in 2002, the mandate was withheld until 2005.

Crosby, 125 S. Ct. 2641 (2005). The district court denied Petitioner's Rule 60(b) motion on the ground that Petitioner's previous motion was properly treated, even under the rationale of Gonzalez, as a successive section 2255 petition. This Court denied Petitioner's application for certificate of appealability.

Undeterred, Petitioner filed another Rule 60(b) motion, arguing among other things that the district court had misapplied Gonzalez. The district court once again denied Petitioner's motion. In doing so, the district court concluded that it was bound by the law of the case as established by our earlier decision that Petitioner's post-conviction motion challenging his sentence was an unauthorized successive section 2255 petition. Thus, according to the district court, Petitioner must first seek permission from this Court to challenge his sentence or to seek otherwise an exception to the successiveness doctrine under Gonzalez.

The issue now before us arose when the district court mailed its order, dated 8 March 2007, to Petitioner's old address at the federal penitentiary in Jonesville, Virginia. The order was returned as undeliverable. Although Petitioner had filed his latest Rule 60(b) motion from his now-current prison address in Jesup, Georgia, nothing in the record shows that he statedly informed the district court of

3

this change of address.[2]  Unaware of the district court's order, Petitioner filed a motion for leave to supplement his Rule 60(b) motion in July 2007, which the district court denied on 15 August.

Because the limitations period for filing an appeal of the district court's 8 March order had lapsed, Petitioner filed a motion on 24 August to reopen the time for filing an appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6).[3] Petitioner claimed that he had not received the district court's order until 17 August, even though he had earlier notified the court of his new address in Georgia.  He urged the district court to grant his motion to reopen, claiming that the delay would not prejudice the Government.

The district court nonetheless denied Petitioner's motion.  Without determining whether Petitioner satisfied the conditions of Rule 4(a)(6), the district court reiterated its prior order and ruled this way: Petitioner's "'remedy now is to

---

[2]According to the district court, no official record exists of any change of Petitioner's address since 1999, when he formally notified the district court by letter of his new address at a federal prison in South Carolina.  The district court became aware of his transfer to Virginia only after he had filed an earlier motion from that address.  No record exists that Petitioner expressly notified the district court of his new address in Georgia.  This time, the return address on his latest motion unfortunately did not catch the attention of the district court clerk.

[3]Rule 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal . . . only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

present his arguments directly to the Eleventh Circuit and convince it to apply Gonzalez to except him from the successiveness doctrine.' The same must be said now, and this moots any appeal-time extension issue."

We review a district court's denial of a motion to reopen under Rule 4(a)(6) for abuse of discretion. See McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002). On appeal, Petitioner mainly contends that the district court abused its discretion by denying his motion to reopen notwithstanding that he satisfied all the rule's requirements.

Even if we were to accept that Petitioner met all the preconditions under Rule 4(a)(6), he still would not be entitled to an extension of time to file his appeal. The rule states that a "district court may reopen the time to file an appeal" only if the relevant conditions are satisfied. Fed. R. App. P. 4(a)(6) (emphasis added). By the rule's terms, the preconditions – if satisfied – merely authorize the district court to exercise its discretion about whether to extend the time for filing an appeal. See Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996) ("The rule by its terms authorizes the district court to grant relief; it does not direct the court to do so."). As a result, we cannot say that, just because Petitioner satisfied all the prerequisites of Rule 4(a)(6), the district court abused its discretion in denying his motion to reopen.

In rejecting Petitioner's motion, the district court noted that, for whatever reason, Petitioner had not officially notified the court of his change of address since 1999.[4] This fact alone is a sufficient basis for denying Petitioner's motion to reopen. Accordingly, on the facts of this case, we are satisfied that the district court did not abuse its discretion.

AFFIRMED.

---

[4]Notification is required by the court's local rules. <u>See</u> S.D. Ga. Local Rule 11.1 ("Each attorney and <u>pro se</u> litigant has a continuing obligation to apprise the Court of any address change.").

6