**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7024**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHERMAN KEMP,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, District Judge. (1:07-cr-00295-BEL-1; 1:09-cv-01575-BEL)

Submitted: September 22, 2010    Decided: October 27, 2010

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Sherman Kemp, Appellant Pro Se. Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Charles Joseph Peters, Sr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherman Kemp seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C.A. § 2255 (West Supp. 2010) motion to vacate his sentence. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 26, 2010. The notice of appeal was filed on July 19, 2010. Along with his untimely notice of appeal, Kemp filed a motion to extend time in which to file a notice of appeal based on his claim that the district court sent the final order as well as an order to reply to the Government's response to the federal prison at which Kemp had been previously confined, prior to his transfer to a different facility. The district court, applying Fed. R. App. P. 4(a)(5), found that because Kemp had

2

failed to apprise the court of his change of address, and that failure resulted in the misrouted orders, he could not show good cause or excusable neglect for the delay, and denied Kemp's motion.

Because Kemp claimed that he never received the district court's order dismissing his § 2255 motion, the district court should have applied Fed. R. App. P. 4(a)(6) in evaluating Kemp's motion. Pursuant to Rule 4(a)(6), the district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not timely receive the notice, and (2) no party would be prejudiced. Fed. R. App. P. 4(a)(6). This provision requires a motion to reopen to be filed on or before the earlier of 180 days following entry of judgment or fourteen days after receipt of the judgment. Id.

Though the district court may have mistakenly applied Rule 4(a)(5)'s good cause and excusable neglect requirements to Kemp's motion, we conclude that had the court applied Rule 4(a)(6), the outcome would be the same. Rule 4(a)(6) is permissive, and allows a district court to deny a motion arising under that rule even if the movant meets the rule's requirements. See Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996) (affirming denial of Rule 4(a)(6) motion where movant failed to notify court of address change); see also

3

<u>In re Jones</u>, 970 F.2d 36, 39 (5th Cir. 1992) (noting that Rule 4(a)(6) is discretionary).  Because Kemp's failure to keep the court apprised of his address change led to his not receiving the court's orders, he is not entitled to relief under Rule 4(a)(6) for the same reason he was not entitled to relief under Rule 4(a)(5).

We therefore dismiss the appeal as untimely.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

4