Levon BAZEMORE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 4:11–cv–259.
No. 4:91–cr–176.

United States District Court,
S.D. Georgia,
Savannah Division.

May 23, 2013.
Order Denying Amendment
July 22, 2013.

Levon Bazemore, Jesup, GA, pro se.

R. Brian Tanner, U.S. Attorney's Office, Savannah, GA, for Defendant.

### ORDER

B. AVANT EDENFIELD, District Judge.

## I. INTRODUCTION

Before the Court is the Government's Motion to Reconsider the Court's order granting Levon Bazemore's 28 U.S.C. § 2255 motion, ECF No. 35,[1] and Bazemore's Motion to Strike Government's Motion to Reconsider. ECF No. 37. The Government asserts the Court made a clear error of law when it granted Bazemore's habeas petition on grounds that the opinion in *Stewart v. United States*, 646 F.3d 856 (11th Cir.2011), restarted the one year statute of limitations on § 2255 claims for prisoners who succeed in having predicate convictions vacated after sentencing. *Id.* at 2–3. After much deliberation, the Court agrees and *GRANTS* the Government's motion over Bazemore's objections. Bazemore's motion to strike is *DISMISSED AS MOOT*.

## II. BACKGROUND

Bazemore's journey down the long and winding habeas road began shortly after his conviction became final. *See Bazemore v. United States*, No. 4:96–cv–141, ECF No. 1 (S.D.Ga. June 20, 1996). About four years later, Bazemore succeeded in having vacated two state convictions used to enhance his federal sentence. *See* ECF No. 35 at 1. Two months after the vacatur

Bazemore moved pursuant to § 2255 and Federal Rule of Civil Procedure 60(b) for a sentence reduction arguing he no longer qualified as a career criminal. *Id.* at ECF No. 68. This Court denied that petition as an uncertified second or successive habeas petition. *Id.* at ECF No. 72.

Bazemore filed the 2255 petition at issue here, his numerically third petition, on October 11, 2011, almost twenty years after conviction for various offenses related to his involvement in the notorious Ricky Jivens gang, ECF No. 1, and over a decade after he first moved for relief based on the vacatur of state convictions. *Bazemore*, No. 4:96–cv–141, ECF No. 68. In this petition, Bazemore asserted for the second time a right to resentencing based on the vacatur. *Id.* The Government disputed the timeliness of Bazemore's petition since he filed it more than one year after the vacatur. *See* ECF No. 7.

This Court ultimately rejected the government's argument, concluding instead that a new one year limitation clock ran from the date of the *Stewart* decision, thus rendering Bazemore's petition timely. *See* ECF Nos. 17; 23 (adopting Magistrate Judge's Report and Recommendation). The Government appealed, but the Eleventh Circuit dismissed the case for lack of jurisdiction because the grant of Bazemore's 2255 petition "[is] not final and appealable" until Bazemore is resentenced. ECF No. 34 at 2. A date for resentencing has not yet been set.

## III. ANALYSIS

 As a threshold concern, the Court must consider whether it has the authority to reconsider its previous grant of Bazemore's habeas petition. The answer is yes. Grants of 2255 petitions do

---

1. All docket citations in the format "ECF No. ——" are to Bazemore's civil case, No. 4:11– cv–259.

not become final, appealable orders until after resentencing. *See United States v. Futch*, 518 F.3d 887, 894 (11th Cir.2008). Since the order granting Bazemore's petition is interlocutory, this Court "has plenary power over it." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000);[2] *see also* Fed.R.Civ.P. 54(b) (stating that any non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims."). Reconsideration of non-final orders like Bazemore's, moreover, is "not subject to the limitations of [Federal] Rule [of Civil Procedure] 59" because such orders are not judgments as defined by Rule 54(a). *Toole*, 235 F.3d at 1315; Fed.R.Civ.P. 54(a) (defining judgment as an order from which an appeal lies).

Having established that reconsideration is possible, the Court must now examine whether reconsideration is in fact appropriate in this case. It is. A brief summation of *Stewart* and the Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), is necessary to explain why.

"*Johnson* established that the basis for a [habeas] claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues." *Stewart*, 646 F.3d at 856. From that, the Supreme Court further held that prisoners have a fresh one year statute of limitations to file *Johnson* claims that runs from the date the state convictions are vacated, assuming the prisoner exercises due diligence in having the convictions vacated.[3] *Id.*

*Stewart*, on the other hand, answered the related but separate question of wheth-er a numerically second habeas petition raising a *Johnson* claim is second or successive for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 858. The Eleventh Circuit held that when diligently pursued vacatur of a state conviction occurs after a prisoner's initial habeas proceedings have concluded, a numerically second habeas petition premised on the vacatur is not subject to AEDPA's second or successive restrictions. *Id.* at 865.

What *Stewart* did not address is any question of the timeliness of a numerically second petition raising a *Johnson* claim. *Stewart*'s sole doctrinal contribution involved successiveness issues. *Stewart* did not hold that its decision restarted the one year limitations clock. In fact, *Stewart* had no occasion to address the timeliness of the petition before the Court because Stewart filed the numerically second petition whose denial he appealed barely a month after the vacatur of his state convictions. *Id.* at 858.

Bazemore likewise filed a numerically second habeas petition shortly after the state court vacated his convictions. But, at the time of that second petition, Bazemore suffered under the *ancien regime* where *Johnson* claims did not exist and numerically second petitions raising *Johnson* claims failed as impermissibly successive. He had no *Stewart* to save him.

▇ The coming of *Stewart*, however, cannot save Bazemore's current habeas petition. As noted above, *Stewart* simply held that a numerically second petition raising a *Johnson* claim is not legally successive. *Id.* at 865. It did not speak to

---

**2.** The Government cites *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858 (5th Cir.1970), for this same proposition. While *Bon Air* certainly remains good law on this point, it has been abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994).

**3.** The diligence of a prisoner seeking vacation is measured beginning from the time the state convictions are used to enhance his federal sentence. *See Johnson*, 544 U.S. at 309, 125 S.Ct. 1571.

the timeliness of petitions under AEDPA's statute of limitations, or whether the rule it announced applied retroactively to situations like Bazemore's, where prisoners timely raise otherwise valid *Johnson* claims yet have their petitions denied as impermissibly successive. To the extent that this Court predicated its decision to grant Bazemore's petition on the *Stewart* opinion itself resetting the one year limitations clock, that decision is clearly erroneous and disavowed by the Court.

▮ Bazemore also argues that the *Stewart* decision justifies equitable tolling of the one year statute of limitations. *See* ECF No. 36 at 13. But it does not. Equitable tolling only applies if the petitioner "(1) has been pursuing his rights diligently, and (2) ... some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotations omitted). *Stewart's* change in law governing successive § 2255 motions simply is not an "extraordinary circumstance" warranting equitable tolling. *See Gonzalez v. Crosby*, 545 U.S. 524, 536, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (noting that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases."); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir.2007) (holding that change of law worked by *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), subsequent to petitioner's habeas denial did not warrant equitable tolling).

Bazemore, like the petitioner in *Outler*, tries to argue that a "change of law demonstrates that long-closed previous litigation was decided against him incorrectly." *Outler*, 485 F.3d at 1281. Even if, under *Stewart* and *Johnson*, this Court wrongly

decided Bazemore's numerically second habeas petition challenging his sentence based on the vacatur of his state convictions, there is no reason why the Court should consider the change in law worked by those two cases to "be any more extraordinary" than that rejected for equitable tolling purposes in *Outler*. *Id.* at 1282. Equitable tolling is inappropriate here and the Court declines to apply that "extraordinary remedy." *Id.* at 1280.

## IV. CONCLUSION

The Court made a clear error of law in its previous order granting Bazemore's § 2255 petition, ECF No. 23, when it held that the *Stewart* opinion served to restart the one year AEDPA statute of limitations. Furthermore, equitable tolling of that limitations period is inappropriate. The Court accordingly **GRANTS** the Government's motion for reconsideration, ECF No. 35, and **DISMISSES AS MOOT** Bazemore's motion to strike. ECF No. 37. Bazemore's § 2255 petition is **DENIED**.

## *ORDER ON MOTION TO ALTER OR AMEND*

### I. INTRODUCTION

Before the Court is Levon Bazemore's Motion to Alter or Amend Judgment or Order. ECF No. 40.[1] Bazemore asks this Court to reverse its denial of his most recent petition under 28 U.S.C. § 2255 because of an alleged clear error of law. As the Court committed no such error, Bazemore's petition is **DENIED**.

### II. BACKGROUND

Thirteen years ago, after being convicted, sentenced, and after having his first habeas petition denied on the merits,

---

1. All record citations are to the docket in *Bazemore v. United States*, No. 4:11–cv–259 (S.D.Ga.), unless otherwise noted.

Bazemore successfully attacked a state court conviction used to enhance his federal sentence. Since then, Bazemore has filed no fewer than six motions and petitions seeking to have this Court resentence him in light of the vacatur. *See* ECF No. 1; *Bazemore v. United States,* No. 4:96–cv–141, ECF Nos. 68; 95; 102; 131; 155. This Court denied the majority of those requests as improperly filed second or successive habeas petitions. *See, e.g., Bazemore v. United States,* No. 4:96–cv–141, ECF Nos. 68; 107.

Before Bazemore filed the habeas petition initiating this case, ECF No. 1, the Eleventh Circuit decided *Stewart v. United States,* holding that a numerically second § 2255 petition premised on the vacatur of a state conviction that occurred after the petitioner's first § 2255 petition is not "second or successive" within the meaning of § 2255(h). 646 F.3d 856, 865 (11th Cir. 2011). Two months after *Stewart* issued, Bazemore filed a motion arguing that *Stewart,* read in conjunction with *Johnson v. United States,*[2] justified reopening his original request for resentencing based on the vacatur of a state conviction. *Bazemore v. United States,* No. 4:96–cv–141, ECF No. 155.

The Court construed that motion as one under Federal Rule of Civil Procedure 60(b)(6). *See id.* at ECF Nos. 156 at 4–7; 160 (adopting government's response, ECF No. 156, as the reasoning of the Court). Rule 60(b)(6) requires that a movant demonstrate exceptional circumstances justifying relief from judgment, which Bazemore argued *Stewart* constituted. *Id.* at ECF No. 155. But because "[s]omething more than a mere change in law is necessary . . . to provide the grounds for Rule 60(b)(6) relief," *Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir.1996) (internal quotations omitted), this Court denied Bazemore's motion. *Bazemore v. United States,* No. 4:96–cv–141, ECF No. 160.

Even before the denial of his Rule 60(b)(6) motion, Bazemore filed the habeas petition underlying this suit. *See* ECF No. 1. He once again relied on *Stewart* and *Johnson* to argue that the vacatur of his state conviction justified resentencing. *Id.* at 12. But this time, Bazemore took a slightly different tack. He argued that *Stewart* itself reset the one year clock of § 2255(f) and therefore made his petition timely and not second or successive. *Id.* at 14.

This Court originally adopted the Magistrate Judge's Report and Recommendation agreeing with Bazemore. ECF No. 23. The government, however, filed a motion for reconsideration, which after much thought the Court granted. ECF No. 38. Ultimately, the Court concluded that (1)

---

**2.** 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). *Johnson* held that a diligently sought state court order vacating a prior conviction constituted a new fact restarting the one year statute of limitations under § 2255(f)(4). Combining the reasoning of *Johnson* and *Panetti v. Quarterman,* 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (holding that because petitioner's *Ford* claim did not ripen until after full adjudication of his first habeas petition, his subsequent petition was not second or successive), *Stewart* held that diligently sought vacaturs occurring after the conclusion of numerically first habeas petitions are not second or successive. 646 F.3d at 865.

Had Bazemore's vacatur occurred after the decisions in *Stewart* and *Johnson,* he would likely prevail in his quest for resentencing. Bazemore diligently pursued the vacatur, which undeniably occurred after the conclusion of his numerically first habeas petition. He then sought resentencing well within the new one year limitations period *Johnson* grants. The trouble, as this Order discusses below, is that the crux of Bazemore's argument, the decision in *Stewart,* occurred more than a decade after the denial of his first request for resentencing based on the vacatur.

*Stewart* had nothing to say about the timeliness of a habeas petition—it only spoke to whether particular petitions fell under § 2255(h)'s second or successive rubric; and (2) *Stewart* did not justify equitable tolling of § 2255(f)'s statute of limitation. *Id.* at 2–3. Because its grant of Bazemore's habeas petition held precisely the opposite, the Court granted reconsideration and denied the petition.

Now, in what seems like a legal version of The NeverEnding Story,[3] Bazemore too has filed a motion for reconsideration. ECF No. 40. He argues that the Court's denial of his habeas petition constituted clear legal error because it held that (1) *Stewart* does not restart § 2255(f)'s one year statute of limitations, and (2) equitable tolling of the one year limitation period is inappropriate in this case. *See* ECF No. 40 at 1.

## III. ANALYSIS

At the outset, the Court notes that "[r]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2013). And a motion for reconsideration "cannot be used [as a vehicle to] raise argument[s] ... that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007).

Bazemore presents several new arguments, in addition to rearguing the same points raised in his habeas petition, response to the Government's motion to dismiss, and response to the Government's motion for reconsideration.[4] The Court declines to address the new arguments,

but does briefly discuss why its earlier order was not error.

First, *Stewart* does not constitute a new fact for purposes of § 2255(f). It therefore cannot restart the one year limitation clock. *Stewart* "simply held that a numerically second petition raising a *Johnson* claim is not legally successive." ECF No. 38 at 3. In doing so, it said nothing about the timeliness of habeas petitions.

Second, equitable tolling was, and is, inappropriate in this case. That doctrine only applies if the petitioner "(1) has been pursuing his rights diligently, and (2) ... some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotations omitted).

The Court does not dispute that Bazemore diligently pursued the vacatur and resentencing. His many motions have not been denied because of untimely filing or lackadaisical attention to advancing the ball, so to speak. But Bazemore first sought resentencing based on vacatur of a state conviction thirteen years ago. Over a decade passed before Supreme Court and Eleventh Circuit precedent shifted in Bazemore's favor. Both Bazemore's conviction and sentence therefore were long since final by the time the legal conditions supporting resentencing arose.

Bazemore has a tall mountain to climb when faced with such a strongly final judgment. Only a truly extraordinary circumstance could possibly justify reexamining a thirteen year old judgment. *Stewart* does not qualify.

Changes in law demonstrating that previous litigation has been decided against a

---

**3.** The NeverEnding Story is a West German movie released in 1984 based on the book by Michael Ende. *See The NeverEnding Story,* IMDb (July 22, 2013), http://www.imdb.com/title/tt0088323.

**4.** Bazemore argues (1) *Stewart's* holding is retroactive to cases on collateral review; (2) the Court should have construed his current habeas petition as an amendment of the petition denied over a decade ago;

defendant incorrectly rarely warrant equitable tolling. *See Gonzalez v. Crosby,* 545 U.S. 524, 536, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (noting that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases."). Bazemore takes issue with that proposition, arguing that he bears no responsibility for the delay between his first attempt to secure resentencing and the decision in *Stewart. See* ECF No. 40 at 13.

That likely is true. That also is not dispositive here. Bazemore may bear no responsibility for the passage of ten plus years before *Stewart* changed the law, but that is insufficient to overcome the blow to finality that would come from reopening a judgment entered over a decade ago that was correct when decided. *Stewart* simply is not an extraordinary circumstance that justifies either reopening Bazemore's old habeas petition, or equitably tolling the one year statute of limitation of § 2255(f).

## IV. CONCLUSION

Bazemore's motion to alter or amend judgment therefore is ***DENIED.***