[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14218
Non-Argument Calendar
_____

D.C. Docket Nos. 4:11-cv-00259-BAE-GRS,
4:91-cr-00176-BAE-GRS-4

LEVON BAZEMORE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 8, 2014)

Before HULL, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Levon Bazemore pro se appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his 1992 sentences on his three federal convictions for conspiracy to possess and intent to distribute cocaine, use of a firearm in furtherance of the drug conspiracy, and distribution of marijuana.  After review of the record and briefs, we affirm.

## I. BACKGROUND

**A.    1992 Sentences**

On April 15, 1992, following his convictions on various drug charges and a gun charge, the district court sentenced Bazemore to life imprisonment plus a consecutive 60 months on his gun conviction.  In calculating Bazemore's criminal history under the then-mandatory Sentencing Guidelines, Bazemore's prior convictions yielded seven criminal history points, placing Bazemore in criminal history category IV.  His offense level of 40 and his criminal history category of IV yielded a the guidelines range for Bazemore's sentence of 360 months to life.[1]

On December 22, 1994, this Court affirmed Bazemore's convictions and sentences. United States v. Bazemore, 41 F.3d 1431, 1432 (11th Cir. 1994). Bazemore petitioned the Supreme Court for a writ of certiorari, which was denied. Bazemore v. United States, 514 U.S. 1086, 115 S. Ct. 1802 (1995).

---

[1]Bazemore was held accountable for at least 5 kilograms of cocaine base.

2

**B.      June 1996 - First § 2255 Motion**

In June 1996, Bazemore filed his first § 2255 motion.  The district court initially denied this motion as untimely.  United States v. Bazemore, 929 F. Supp. 1567, 1570 (S.D. Ga. 1996).  We reversed in part and vacated in part.  Bazemore v. United States, 161 F.3d 20 (11th Cir. 1998) (table).  On remand, the district court denied Bazemore's § 2255 motion and dismissed the case.  On October 31, 2000, this Court denied Bazemore a Certificate of Appealability ("COA").

Meanwhile, in August 1998, Bazemore also filed a habeas corpus petition in the Georgia courts arguing that his 1990 guilty pleas to the state offenses of theft by taking and theft by receiving were not knowing and voluntary.  Bazemore v. State, 535 S.E.2d 760, 761-63 (Ga. 2000).  On October 10, 2000, the Georgia Supreme Court reversed the trial court's denial of Bazemore's habeas corpus petition, resulting in the vacatur of his two 1990 theft convictions.  Id. at 763.

**C.      December 2000 - Second § 2255 Motion**

On December 11, 2000, Bazemore filed a § 2255 motion and a Federal Rule of Civil Procedure 60(b) motion to vacate his federal sentence, based on the vacatur of his two prior state theft convictions.  The district court dismissed Bazemore's § 2255 motion as successive, and this Court affirmed.

3

**D.    2006-2011 Motions**

In 2006, Bazemore filed a subsequent Rule 60(b) motion, which was denied by the district court.  This Court denied Bazemore's request for a COA and later denied his motion for reconsideration.

In January 2007, Bazemore filed another Rule 60(b) motion, challenging his federal sentence based on the vacatur of his two prior state theft convictions. Bazemore argued that he was entitled to relief under § 2255 under the Supreme Court's decision in Johnson v. United States, 544 U.S. 295, 302, 125 S. Ct. 1571, 1577 (2005), which held that the vacatur of a state conviction where the petitioner exhibits due diligence was a new fact that restarted the one-year limitations period under § 2255(f)(4).  The district court denied the Rule 60(b) motion.  Bazemore did not file a timely appeal, though he did later file a motion to reopen the time to file the appeal.  The district court denied that motion, and this court affirmed.[2] Bazemore v. United States, 292 F. App'x 873, 873 (11th Cir. 2008).

In 2011, this Court decided Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), holding that a movant's numerically second § 2255 motion, which raised a Johnson sentencing claim based on a vacated state predicate conviction, was not "second or successive" within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because the claim did

---

[2]Bazemore filed further variously captioned motions regarding the same set of claims in the period between 2007 and 2011. None of these motions were successful.

not exist before the movant's initial § 2255 proceedings.  Stewart filed his numerically second § 2255 motion approximately one month after his state convictions were vacated. Id. at 858.  Stewart thus did not address the issue of timeliness but only the question of successiveness.

### E.    October 2011 § 2255 Motion

On October 17, 2011, Bazemore filed his third-in-time § 2255 motion.  In his motion to vacate, set aside, or correct his federal sentence, Bazemore argued that Stewart provided "a vehicle for relief" that did not exist when Bazemore filed his December 2000 second-in-time § 2255 premised upon the vacatur of his two prior state theft convictions.  He argued that the decision "entitle[d] Bazemore to [a] new 1-year limitation" period to file a motion under § 2255.

The district court initially granted Bazemore's § 2255 motion, adopting the report and recommendation of a magistrate judge.  Bazemore v. United States, Nos. CV411-259, CR491-176, 2012 WL 3982204, at *1 (S.D. Ga. Sept. 11, 2012).  On reconsideration, however, the district court denied Bazemore's § 2255 motion as untimely, and separately held that equitable tolling from the time of Bazemore's numerically second § 2255 petition was not supported by law.  Bazemore v. United States, 946 F. Supp. 2d 1376, 1379 (S.D. Ga. 2013).

Bazemore timely appealed and filed a motion for a COA on multiple issues. On September 23, 2013, the district court issued a COA on these two issues:

5

1. Whether the *Stewart* decision itself constitutes a new fact that restarts the one year limitations period.

2. Whether *Stewart* justifies equitable tolling of 28 U.S.C. § 2255(f)'s one year statute of limitations given Bazemore's diligent pursuit of his claims both pre- and post-*Stewart*.

## II.  STANDARD OF REVIEW

We review <u>de novo</u> the legal issue of whether a § 2255 motion is time-barred.  <u>Murphy v. United States</u>, 634 F.3d 1303, 1306 (11th Cir. 2011).  We also review <u>de novo</u> the district court's determination that equitable tolling did not apply.  <u>Outler v. United States</u>, 485 F.3d 1273, 1278 (11th Cir. 2007).

## III.  DISCUSSION

### A.    The <u>Stewart</u> Decision

AEDPA imposes a one-year statute of limitations for filing a § 2255 motion. 28 U.S.C. § 2255(f).  The one-year period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws if the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In 2005, in <u>Johnson v. United States</u>, the Supreme Court held that, where a petitioner collaterally attacks a federal sentence on the basis that a state conviction used to enhance that federal sentence was vacated, the one-year statute of limitations under § 2255 begins to run when the petitioner receives notice that the state conviction has been vacated, assuming that the petitioner was diligent in obtaining the vacatur of the conviction.  544 U.S. at 298, 125 S. Ct. at 1574-75. The Supreme Court concluded that the vacatur of Johnson's prior state convictions, used to sentence him as a career offender, constituted a new fact that restarted the one-year statute of limitations under § 2255(f)(4).  <u>Id.</u> at 298, 302, 125 S. Ct. at 1575, 1577.  An order vacating a prior conviction constituted a new fact because it was "subject to proof or disproof like any other factual issue."  <u>Id.</u> at 306-07, 125 S.Ct. at 1579-80.

In 2011, in <u>Stewart v. United States</u>, this Court held that a movant's numerically second § 2255 motion, which raised a claim under <u>Johnson</u>, was not "second or successive" within the meaning of the AEDPA because the claim did not exist before the movant's initial § 2255 proceedings.  646 F.3d at 865.

But <u>Stewart</u> is not a new fact for the purposes of timeliness under § 2255(f)(4).  The plain language of the statute refers to "facts," and the <u>Stewart</u> decision is a legal opinion, not a new fact.  <u>See</u> 28 U.S.C. § 2255(f)(4).  Our

7

decision in <u>Stewart</u> is not "subject to proof or disproof" like the vacatur of a prior conviction.  See <u>Johnson</u>, 544 U.S. at 306-07, 125 S. Ct. 1571.  Nor does our decision in <u>Stewart</u> "support[] the claim" Bazemore is presenting, <u>see</u> 28 U.S.C. § 2255(f)(4), as it only determines whether his second-in-time § 2255 motion was successive and not whether his actual claim would succeed on the merits.  See <u>Stewart</u>, 646 F.3d at 865.

Under the rule announced in <u>Johnson</u>, Bazemore had one year from October 2000, the date he received notice of the vacatur of his state convictions, to file his § 2255 motion.  See <u>Johnson</u>, 544 U.S. at 298, 125 S. Ct. at 1574-75.  Under the rule announced in <u>Stewart</u>, the fact that Bazemore had initially filed a § 2255 claim in advance of the vacatur of his state convictions would not today prejudice him from filing a second § 2255 within a year of the vacatur of those state convictions.

But <u>Stewart</u> was not the law at the time Bazemore filed his numerically second § 2255 motion back in December 2000, and nothing in the 2011 <u>Stewart</u> decision suggests an intended retroactive effect.  The instant § 2255 motion was not filed until 2011.  Because <u>Stewart</u> did not constitute a new fact that restarted the limitations period under § 2255(f), Bazemore's instant § 2255 motion in 2011 was not filed within one year of the 2000 date on which his convictions were vacated, and thus his motion is untimely.  See <u>E.J.R.E. v. United States</u>, 453 F.3d

8

1094, 1097-98 (8th Cir. 2006); Lo v. Endicott, 506 F.3d 572, 575 (7th Cir. 2007);

Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005).

## B.    Equitable Tolling

The COA also encompasses the issue of whether equitable tolling should

apply.

"Equitable tolling is an extraordinary remedy and is applied sparingly," and

the movant bears the burden of showing that equitable tolling is warranted.  Outler,

485 F.3d at 1280.  To be entitled to equitable tolling, a movant must show "(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."  Holland v. Florida,

560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (quotation marks omitted).  The

determination of whether equitable tolling is warranted should be made on a

"case-by-case basis."  Id. at 649-650, 130 S. Ct. at 2563 (quotation marks omitted).

In Outler v. United States, this Court considered the effect of an intervening

Supreme Court decision that protected the procedural rights of habeas petitioners

on the availability of equitable tolling. 485 F.3d at 1280-82.  The intervening

Supreme Court decision that changed the law was Castro v. United States, 540

U.S. 375, 124 S. Ct. 786 (2003), which held that, when a court re-characterizes a

pro se motion as a first § 2255 motion, the court needs to warn the litigant that any

subsequent § 2255 motion will be considered "second or successive."  See Castro,

9

540 U.S. at 383, 124 S. Ct. at 792.  In Outler, this Court concluded that Castro's change in the law did not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the AEDPA one-year statute of limitations.  Outler, 485 F.3d at 1281.  We acknowledged that the petitioner was contending that a "change of law demonstrat[ed] that long-closed previous litigation was decided against him incorrectly."  Id. at 1281-82.  But we pointed out that, in Gonzalez v. Crosby, 545 U.S. 524, 536, 125 S. Ct. 2641, 2650 (2005), the Supreme Court had concluded that a change in law did not constitute an extraordinary circumstance for Federal Rule of Civil Procedure 60(b) purposes.  Id.  Although Gonzalez involved Rule 60(b), we concluded in Outler that Gonzalez supported the determination that a change in law was not an extraordinary circumstance for equitable tolling purposes.  Id.[3]

While Bazemore exercised reasonable diligence in pursuing his § 2255 claims at the time of the 2000 vacatur of his state convictions, the state of the law at the time did not preclude the district court from then correctly holding that the December 2000 § 2255 petition was "second or successive."  That the district court

---

[3]The decisions cited by Bazemore in support of equitable tolling deal with court-imposed impediments of a fundamentally different character. In Spottsville v. Terry, 476 F.3d 1241 (11th Cir. 2007), and Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002), this Court held that equitable tolling applied where the one-year period lapsed prior to the petitioners filing their habeas petitions because of court errors, not because the law had not yet changed in a manner which would have benefited the petitioners.

could not reach the same decision after the 2011 decision in <u>Stewart</u> does not entitle Bazemore to an additional period to file the same claim.[4]

## IV.  CONCLUSION

For the reasons above, we affirm the district court's denial of Bazemore's § 2255 motion filed on October 17, 2011.

**AFFIRMED.**

---

[4]Because Bazemore's claim fails in any event, we do not reach the government's alternative argument that the sentencing error challenged here is not cognizable under § 2255.