NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP HUGHES, | No. 16-16714 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00626-RCJ-VPC |
| v. | |
| ISIDRO BACA, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Nevada state prisoner Philip Hughes appeals pro se the district court's order

denying his Federal Rule of Civil Procedure 60(b)(6) motion for relief from the

court's judgment dismissing Hughes's 42 U.S.C. § 1983 action alleging

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for abuse of discretion an order denying a Rule 60(b) motion, *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016) (en banc), and we affirm.

To the extent that Hughes contends that the district court abused its discretion by declining to reopen the time to file an appeal, the district court did not abuse its discretion because Hughes's Rule 60(b)(6) motion was filed more than 180 days after the entry of judgment. *See* Fed. R. App. P. 4(a)(6) (district court may reopen time to file appeal if moving party did not receive notice of entry of judgment within 21 days after entry, "the motion is filed within 180 days after the judgment . . . is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*," and no party would be prejudiced (emphasis added)); *Washington*, 833 F.3d at 1093 (stating that Fed. R. App. P. 4(a)(6) "authorizes an 'outer time limit' of 180 days to move for an extension of time to file an appeal . . . [and a] district court may not otherwise relieve parties from failing to file a timely appeal due solely to lack of notice of judgment"); *see also In re Stein*, 197 F.3d 421, 424 (9th Cir. 1999) (explaining that Fed. R. App. P. 4(a)(6) requires parties "to discover the entry [of judgment], with or without a notice" and "[f]ailing that, they lose the right to appeal").

To the extent that Hughes contends that the district court abused its discretion by denying Hughes's Rule 60(b)(6) motion because the complaint stated

due process and Eighth Amendment deliberate indifference claims, the district court did not abuse its discretion because Hughes failed to establish any basis for such relief. *See* Fed. R. Civ. P. 60(b)(6); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (stating that Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice" (citation and internal quotation marks omitted)).

The district court did not err in failing to recuse itself sua sponte because Hughes failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *Noli v. Comm'r.*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge . . . a party will bear a greater burden on appeal in demonstrating that the judge . . . [erred] in failing to grant recusal under section 455." (alteration in original, citation and internal quotation marks omitted)).

**AFFIRMED.**